COMMISSIONER OF REVENUE OF THE STATE OF ARKANSAS *v.* BLACK & WHITE CAB CO., INC.

86-107 720 S.W.2d 911

Supreme Court of Arkansas
Opinion delivered December 22, 1986

---

*Revenue Legal Counsel*, by: *Joe Morphew*, for appellant.

*John Wesley Hall, Jr.*, for appellee.

JOHN I. PURTLE, Justice. In response to a petition filed by the appellee, the chancellor declared Ark. Stat. Ann. § 75-203 (Supp. 1985) to require one bond of $50,000 for each taxicab owner operating in the State of Arkansas. The appellant argues on appeal that the statute in question requires a $50,000 bond on each taxicab. We disagree and hold that one $50,000 bond is all that is required under the statute.

On June 18, 1985, the appellee filed suit asking for a judgment declaring that a single $50,000 surety bond is sufficient to meet the requirements imposed by Ark. Stat. Ann. § 75-203. The pertinent part of the statute reads:

> It is further provided, however that in lieu of such policy of insurance such owner may file a bond to be signed by some solvent Surety Company licensed to do business in this State, which bond shall be in the form approved by the Commissioner of Revenue, shall be conditioned for the payment of property damage and personal injuries, and shall be in an amount no less than fifty thousand dollars ($50,000).

The statute states that a taxicab owner may post a $50,000 surety bond "in lieu of such policy of insurance." However, the bond must be "in the form approved by the Commissioner of Revenue."

The appellee has requested the appellant to approve a single surety bond form in the amount of $50,000 and the appellant has refused to do so. We resolve the question by giving the words of the statute their plain and ordinary meaning. There is no need to construe or interpret the language when it is readily understandable on its face. *Bolden, et al.* v. *Watt, et al.*, 290 Ark. 343, 719 S.W.2d 428 (1986); *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977).

There is little difference in a surety bond and a single limit insurance policy if each is conditioned upon payment of damages

and injuries suffered as a result of the negligence of a taxicab driver. A single $50,000 liability bond could frequently be more helpful to an injured party than the separately stated coverages in a standard insurance policy. The bond coverage could be applied entirely to property damages; whereas, the separately stated coverage in a standard automobile policy is usually limited to property damage in the amount of $10,000 per occurrence. Also, personal injury in the standard auto policy is usually limited to claims of $25,000 for each injured party and a limit of $50,000 for all injuries in the same accident. Under a surety bond if only one person suffers damages he could claim up to $50,000 for personal injuries, property damages, or both.

The Commissioner must approve the form of the bond. If the bond form provides $50,000 for each occurrence, the bond would be available in the full amount for every accident. Group automobile accident policies are common in the industry; a single policy may afford coverage for a large number of vehicles. Likewise, taxicab owners would not be in compliance with the law if payment of any claim reduced the coverage for additional accidents. To limit the bond to a single amount of $50,000 per fleet would result in there being no liability coverage after the first $50,000 was paid out.

The General Assembly used language in the statute which is clear and unambiguous. It requires the owner of taxicabs to carry insurance or post a surety bond in the amount of $50,000. The clear implication is that such bond would apply in full to each occurrence.

Affirmed.

HICKMAN, J., dissents.

DARRELL HICKMAN, Justice, dissenting. All references in the statute are to "taxicab, automobile, or similar vehicle," "the owner of such taxicab," or "operation of such taxicab." Every reference is singular, not plural. Accordingly, the Commissioner of Revenue rightly refused to allow a company owner of a fleet of taxicabs to post a bond for all cabs, when the law clearly requires such a bond for each taxicab. It's right there in black and white. The same authorities cited by the majority for affirming this case also apply to uphold the commissioner's decision. If the legisla-

ture intended this law to apply to taxicab companies, it would have said so. I would not reach the question of the form of the bond which the majority gratuitously discusses.

I would reverse the chancellor.