Neva SMITH, et al. *v.* The CITY OF SPRINGDALE, et al.

86-166                                          722 S.W.2d 569

Supreme Court of Arkansas
Opinion delivered January 20, 1987

*E. Kent Hirsch, P.A.*, for appellant.

*Davis, Cox & Wright*, by: *Constance G. Clark*, for appellee Sunray of Arkansas, Inc.

*Michele A. Harrington*, Acting City Att'y, for appellee City of Springdale.

JOHN I. PURTLE, Justice. The appellant filed lengthy pleadings which, among other things, sought an injunction against the City of Springdale and its agents to prohibit the illegal exaction of taxes. The amended complaint contained about forty pages. The appellees filed a motion to dismiss. The chancellor dismissed the amended complaint for failure to state facts upon which relief can be granted, pursuant to A.R.C.P. Rule 12(b)(6). The appellant divides his argument on appeal into ten (10) different points, most of which have no merit. We will not address the unmeritorious assignments of error. However, finding that the chancellor improperly dismissed the suit, we reverse and remand for proceedings not inconsistent with this opinion.

The basis of the action is a taxpayers' suit to enjoin the illegal exaction of taxes by the City of Springdale through its water department. The water department collects a monthly sanitation fee of $5.15 from each water meter customer. A small portion of this monthly fee (.20) is kept by the city for the cost of collecting and remitting monies to Sunray Sanitation, Inc. Sunray has an exclusive contract, originally dated January 15, 1969, with the City of Springdale for collecting trash and garbage. The contract is supported by an ordinance and resolution. The contract is for a five year period. However, it has regularly been renewed at the end of four years for an additional period of five years. (The contract was renewed in 1973, 1977, 1981 and 1985). There has

never been competitive bidding for the contract.

The complaint alleged that the action by the city created a monopoly in violation of Article 2, Section 19 of the Constitution of Arkansas. A portion of Ordinance 787 reads: "No person or business entity except Sunray Sanitation, Inc., may empty garbage or trash receptacles for hire, or may convey and transport garbage or trash on the streets of the city for hire." Only a part of the ordinance is included in the record. Since we do not take judicial notice of municipal ordinances, we are unable to determine whether other parts of the ordinance contradict or support the above quoted part of the ordinance.

The appellant states that she is a taxpayer and a property owner, as well as a citizen of Springdale. She also states that she is forced to pay the monthly fee for sanitation services furnished by Sunray and collected by the city through the water department. She sought to bring a class action on behalf of all others similarly situated. The class action was based upon Article 16, Section 13 of the Arkansas Constitution and A.R.C.P. Rule 23.

In dismissing the complaint the chancellor found: (1) that the action was inappropriate for a class action; (2) that the competitive bidding requirements of Ark. Stat. Ann. § 19-4425 (Repl. 1980) did not apply; and (3) that the ordinance was not unreasonable on its face.

The contracts pursuant to the ordinance clearly reveal that the city is a party to the contracts. Apparently the city owns and/or controls the operations of the water department. The city keeps twenty cents (.20) from each customer and forwards the balance of the $5.15 monthly charge to Sunray. The appellant does not state how many customers are involved or how much money is collected annually.

Without question a city is authorized to enter into proper exclusive contracts for sanitation services. See *Dreyfus* v. *Boone*, 88 Ark. 353 (1908). Equity has the power to enjoin illegal exactions by municipalities. *Dreyfus*, supra; Article 16, Section 13, Constitution of Arkansas. The *Dreyfus* opinion cited with approval language from the case of *In re Lowe*, 54 Kansas 757, which states that "monopolies are upheld when deemed necessary in executing a duty incumbent on city authorities or the legisla-

ture for the preservation of public health."

■ Even though the ordinance and contracts in question may be valid on their face, the City of Springdale did not comply with the competitive bidding requirements of Ark. Stat. Ann. § 19-4425 (Repl. 1980), which in part states:

> [t]hat where the amount of expenditure for any purpose or contract exceeds the sum of two thousand dollars ($2,000), [now $5,000] the mayor or his duly authorized representative, shall invite competitive bidding thereon. . . .

The city also had in effect at the time an ordinance using the exact same language as the above statute.

As the city agreed to pay Sunray the sum of $4.95 on each water meter connection, it is reasonable to presume the contract amounted to more than two thousand dollars ($2,000). However, this is a matter of proof which must be considered by the trial court. The complaint together with all reasonable inferences states a cause of action on the question of competitive bidding.

■ The matter of whether this should be allowed as a class action is a fact question which is within the discretion of the trial court. The reasons for disallowing the class action were not stated. Therefore, the trial court may wish to reconsider this issue upon remand.

The case is remanded to the trial court with directions to reinstate the complaint on the issue of competitive bidding and on other matters reasonably necessary to resolve the issue.

Reversed and remanded.

HAYS, J., dissents.

GLAZE, J., not participating.

STEELE HAYS, Justice, dissenting. I would affirm the chancellor as to the inapplicability of Ark. Stat. Ann. § 19-4425 to the agreement between Sunray of Arkansas, Inc. and the City of Springdale and in refusing to certify the case as a class action under A.R.C.P. Rule 23. The appellant has made no showing before the chancellor that a willing class of plaintiffs existed so as to justify a class action. On this record, she stands alone in her claim that the monthly sanitation fee of $5.15 is excessive and

constitutes an illegal exaction. *Ford Motor Credit Co.* v. *Nesheim*, 287 Ark. 78, 696 S.W.2d 722 (1985).