Timothy C. KLINGER d/b/a HISTORIC
PRESERVATION ASSOC. *v.* CITY OF
FAYETTEVILLE, Arkansas, A Municipal Corporation

87-67                                                    732 S.W.2d 859

Supreme Court of Arkansas
Opinion delivered July 20, 1987

*Jones & Hixson*, by: *Lewis D. Jones*, for appellant.

*James N. McCord*, City Attorney, for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the granting of a summary judgment in favor of the appellee, City of Fayetteville, in which the chancellor held that as a matter of law the competitive bidding requirements of Ark. Stat. Ann. §§ 19-4425 (Supp. 1985) and 19-716(a) (Repl. 1980) were inapplicable to contracts for professional services. On appeal the appellant argues that the chancellor erred in holding that contracts for professional services are exempt from the competitive bidding requirements of either statute. Finding error in the chancellor's ruling, we reverse and remand.

Sometime after the City of Fayetteville began construction of a federally funded wastewater treatment facility, a survey of the grounds led to the discovery of a significant prehistoric archeological site. Federal regulations provide that no significant cultural resources can be adversely impacted by such construction, and thus Fayetteville was required to take precautionary steps to mitigate any potential adverse impact to the prehistoric site.

In late March or early April of 1986, the appellant notified the city and its consulting engineer, McClelland Constructing Engineers, Inc., that he was qualified to provide the necessary archeological services to preserve the site and that he was interested in bidding for the project. The Fayetteville Board of Directors adopted a resolution on May 6, 1986, authorizing the execution of a contract with McClelland for the requires services.

The contract, in excess of $5,000, was entered into without competitive bidding. McClelland subcontracted the work to Mid-Continental Research Associates. The subcontract, in the amount of $63,862, was also procured without competitive bidding.

The appellant filed suit in Washington County Chancery Court on June 19, 1986, seeking a declaratory judgment and injunctive relief, alleging that the city's contracts were void for failure to comply with the competitive bidding requirements of Ark. Stat. Ann. § 19-4425. The city answered appellant's complaint and filed a motion for summary judgment, asserting that the city need not solicit bids for professional services. The chancellor found that since Fayetteville had a city manager form of government the applicable statute was Ark. Stat. Ann. § 19-716(a). Finding that there were no genuine issues of material fact and that as a matter of law the city was not required to solicit bids for professional services, the chancellor granted the appellee's motion.

The statute here under consideration is Ark. Stat. Ann. § 19-716(a), which provides:

> Before making any purchase of, or contract for, any supplies, materials or equipment, and before obligating the city under any contract for the performance of services or for the construction of municipal improvements, where the anticipated cost to the city of such transaction exceeds the maximum amount established by the Board of Directors under the authority of paragraph A (e)i, of Section 12 [§19-712] of this Act [§ 19-701—19-733], opportunity for competitive bidding shall be given under such rules and regulations as the Board of Directors may by ordinance prescribe, and the contract shall be consummated only on a bid approved by the City Manager and by the Board of Directors; provided, the Board of Directors, by ordinance, may waive the requirement of competitive bidding in exceptional situations where such procedure is not feasible but, such exceptional situations being lacking, the Board may not except any particular contract, purchase or sale from the requirement of competitive bidding. . . .

The City of Fayetteville had passed similar ordinances in 1959

and 1976 which required competitive bidding for contracts in excess of $2,500 and provided that the Board of Directors may waive such procedures in "exceptional situations where such procedure is deemed not feasible." The city did not waive by ordinance the requirement of competitive bidding for performance of services. Therefore, the contract for professional services was not exempt from competitive bidding.

The appellee cites much authority, including judicial rulings from other jurisdictions and an Attorney General's opinion from our state, which the appellee claims supports its position that contracts for professional services are exempt from the statutory requirement of competitive bidding. However, we have been cited no binding precedent which addresses the issue presented here. We considered a similar question in *Smith* v. *City of Springdale*, 291 Ark. 63, 722 S.W.2d 569 (1987), where we held that competitive bidding was required under Ark. Stat. Ann. § 19-4425 (the sister statute governing contract bidding for cities with other forms of government) for city contracts for trash collection.

In applying the accepted rules of statutory construction, we give words in a statute their plain and ordinary meaning. There is no need to construe or interpret the language when it is readily understandable on its face. See *Bolden* v. *Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986), and *Commissioner of Revenue* v. *Black and White Cab Co.*, 290 Ark. 575, 720 S.W.2d 911 (1987). The controlling statute, Ark. Stat. Ann. § 19-716(a), requires that "before making any purchase of, or contract for, any supplies, materials, or equipment, and before obligating the city under any contract for the performance of services . . . opportunity for competitive bidding *shall* be given . . . [emphasis added]." The word "shall" when used in a statute means that the legislature intended mandatory compliance unless such an interpretation would lead to an absurdity. See *Loyd* v. *Knight*, 288 Ark. 474, 706 S.W.2d 393 (1986).

Giving the language of this statute its plain and ordinary meaning, we hold that a city is required to solicit bids for all contracts except where there is an affirmative showing by enactment of a separate ordinance that the solicitation of bids is not feasible or practical.

Therefore, it was error for the chancellor to hold that there

was no genuine issue of material fact and that the appellee was entitled to summary judgment as a matter of law.

Reversed and remanded.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. The chancellor held that under the prevailing rule of law professional services are exempt from the competitive bidding procedures of statutes such as Ark. Stat. Ann. § 19-4425 (Repl. 1980) and Ark. Stat. Ann. § 19-716 (Repl. 1980). McQuillan, Municipal Corporations, § 29.35 (3rd Ed. Rev.); 64 Am.Jur.2d, Public Works and Contracts, § 43; 15 ALR3d 733. He also found that archaeological work under the contract would constitute professional services and would thereby be exempt from the bid requirements. Appellant has made no attempt to answer that argument beyond urging that § 19-4425 and § 19-716 are clear and unambiguous. The majority opinion notes that "the city did not waive by ordinance the requirement of competitive bidding for performance of services." Granted, but I cannot find in the record where the appellant argued that point to the trial court. Thus the case is being reversed on a point not preserved below. *Chapin v. Stuckey*, 286 Ark. 359, 692 S.W.2d 609 (1985).

While the issue is one of first impression in this Court, other jurisdictions have interpreted similar statutory language as not applying to contracts for professional services. *Stratton v. Allegheny County*, 91 A. 894 (Penn. 1914); *Alexander v. Mayor and Board of Aldermen of City of Natchez*, 68 So. 2d 434 (Miss. 1953). *Jeffersontown v. Cassin*, 102 S.W.2d 1001 (Kent. Ap. 1937). I believe the rule is sound and the chancellor should be affirmed.