The Honorable J.L. "Jim" Shaver, Jr. State Representative P.O. Box 592 Wynne, AR 72396
Dear Representative Shaver:
This is in response to your request for an opinion regarding A.C.A. § 6-21-603 (Cum. Supp. 1991). The facts, as stated in your request, are as follows:
 A school board member, who is also an electrical contractor, submitted the low bid for electrical work to a general contractor. The general contractor, in open, competitive bidding, submitted the low bid to the board for a construction project. The work to be performed by the sub-contractor exceeds $500, and his bid includes compensation for his labor as well as the materials needed to meet job specifications.
Your question in this regard is as follows:
 Can the school board award the contract to the general contractor?
It is my opinion that the school board member is "interested directly or indirectly in [the] contract" by virtue of the services he proposes to perform as the electrical subcontractor. It is therefore my opinion that the contract, as bid, will be contrary to A.C.A. § 6-21-603 if executed. See generallyStroud v. Pulaski County Special School District, 244 Ark. 161,164, 424 S.W.2d 141 (1968) (the court looks at the contract at the time it was executed in determining whether it is void or voidable due to the school board member's interest).
Section 6-21-603 (Cum. Supp. 1991) states:
 (a) It shall be unlawful for any member of the school board of any district to be interested directly or indirectly in any contract or purchase made by the district of which he is a director if the contract or purchase is for an amount in excess of five hundred dollars ($500).
 (b) However, this prohibition shall not apply to contracts for materials bought on open competitive bid and let to the lowest bidder.
It is my opinion that the exception for "materials bought on open competitive bid" cannot be relied upon to validate the contract in this instance. The services to be performed by the school board member as the electrical subcontractor do not, in my opinion, fall within this exception. It is well-established that in applying the accepted rules of statutory construction, words in a statute must be given their plain and ordinary meaning.Klinger v. City of Fayetteville, 293 Ark. 128, 131,732 S.W.2d 859 (1987). The word "materials" does not, in ordinary usage, include services or labor. And reference to the oath subscribed to by school directors makes it clear that the exception only applies to "materials." This oath states in pertinent part that "I, do hereby solemnly swear or affirm . . . that I will not be interested, directly or indirectly, in any contract made by the district of which I am a director, except that said contract be for materials bought on open competitive bid and let to the lowest bidder. . . ." A.C.A. § 6-13-617 (1987).
The conclusion that the exception under § 6-21-603 is indeed limited to materials is further compelled by the provisions governing a school district's purchases of commodities (A.C.A. §§6-21-301—305 (1987 and Cum. Supp. 1991)), wherein the term "commodities" means "all supplies, goods, material, equipment, machinery, facilities, personal property, and services, other than personal and professional services. . . ." A.C.A. § 6-21-301
(1987). This statute evidences the legislature's awareness of the general distinction between supplies, materials, and equipment on the one hand, and work, labor and services on the other. Seealso generally A.C.A. §§ 14-42-107 (1987), 14-47-137 (1987),14-47-138 (1987), 14-48-128 (1987) and 14-58-303 (1987) (regarding interest in contracts by city officers and employees, and competitive bidding requirements in cities).
Finally, it is significant to note that according to the Arkansas Supreme Court, ". . . statutes requiring competitive bidding for government contracts are enacted for the benefit of the taxpayers rather than for the benefit of those who would sell goods or services to governmental entities." Klinger, supra, at 387 (citations omitted). This precept would surely be equally applicable to statutes governing the interest of public officials in public contracts. I am therefore further compelled to conclude that the exception in § 6-21-603 for "materials" cannot be broadly interpreted to include labor or services.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh