The Honorable Jim Keet State Senator P.O. Box 23603 Little Rock, Arkansas 72221-3603
Dear Senator Keet:
This is in response to your request for an opinion, on behalf of Mr. Howard Wilson of BFI Waste Systems, regarding service contracts entered into by cities and counties. You have attached a letter from Mr. Wilson in which he sets forth the basis for his request for an opinion, and you have summarized his questions as follows:
 1. Is there a state law which authorizes a municipality or county office to accept purveyor contracts that are for long-term periods or a law which would restrict the length of a service contract?
 2. Can a contract be let without public advertising for a bid (regardless of the amount of the contract)? How far-reaching, geographically, must the advertising be, statewide, countywide or citywide?
 3. Should a community be newly incorporated into a municipality, would a vendor who performed residential trash removal services be compensated for lost revenues in the event that the city elected to contract with another waste removal company?
As the foregoing questions relate to service contracts entered into by cities and counties, I will begin by discussing the relevant statutes related to municipal and county purchases and contracts, as these statutes will provide the bases for my responses to the questions posed.
The statute codified at A.C.A. 14-58-303 (1987) pertains to purchases and contracts made by cities of the first class (i.e., cities with over 2,500 inhabitants, as indicated in A.C.A. 14-37-103(a)(1) (1987)) and provides, in pertinent part, the following:[1]
 (a) In a city of the first class, the mayor . . . shall have exclusive power and responsibility to make purchases of all supplies, . . . and other things requisite for public purposes in and for the city and to make all necessary contracts for work or labor to be done or material or other necessary things to be furnished for the benefit of the city, or in carrying out any work or undertaking of a public nature therein.
 (b)(1) The municipal governing body shall provide, by ordinance, the procedure for making all purchases which do not exceed the sum of five thousand dollars ($5,000).
 (2)(A)(i) Where the amount of expenditure for any purpose or contract exceeds the sum of five thousand dollars ($5,000), the mayor or his duly authorized representative shall invite competitive bidding thereon by legal advertisement in any local newspaper.
 (ii) Bids received pursuant to the advertisement shall be opened and read on the date set for receiving the bids in the presence of the mayor or his duly authorized representative, together with any committee that may be named by the mayor or the governing body for this purpose.
 (iii) The officials designated to receive the bids shall have exclusive power to award the bid to the lowest responsible bidder.
 (iv) The mayor and any committee designated to receive bids may reject any and all bids received.
 (B) The governing body, by ordinance, may waive the requirements of competitive bidding in exceptional situations where this procedure is deemed not feasible or practical. [Emphasis added.]
Additionally, there are specific statutes which relate to service contracts and competitive bidding procedures with regard to those cities which operate under the city manager form of government. Arkansas Code Annotated14-47-120(5)(A)(i) (1987) provides that a city manager may, under such regulations as the city board of directors may prescribe by ordinance, "contract for, or authorize contracts for, services to be rendered to the city. . . ." The statute also states, however, that the city of board of directors "shall, by ordinance, establish a maximum amount, and each contract, . . . or authorization exceeding the amount so established shall be effected after competitive bidding as required in 14-47-138." See A.C.A. 14-47-120(5)(A)(i). Competitive bidding pursuant to A.C.A. 14-47-138 is to proceed according to the rules and regulations which the city board of directors may, by ordinance, prescribe. The city board of directors also may, by ordinance, waive the requirement of competitive bidding in "exceptional situations where this procedure is not feasible, but lacking such exceptional situations, the board may not except any particular contract, purchase, or sale from the requirement of competitive bidding." A.C.A. 14-47-138(b).
With regard to A.C.A. 14-58-303 and 14-47-138, as outlined above, the Arkansas Supreme Court has held that contracts for professional services are not exempt from the competitive bidding requirements therein. See Klinger v. City of Fayetteville, 293 Ark. 128, 732 S.W.2d 859 (1987). As Mr. Wilson's questions stem from his employment with a residential trash removal company, it should also be noted that the Court has held that competitive bidding is required under A.C.A.14-58-303 and 14-47-138 (formerly Ark. Stat. Ann. 19-4425 and 19-716, respectively) for city contracts for trash collection if the amount of the contracts exceeds the statutory limits. See Klinger v. City of Fayetteville, 293 Ark. 128, 732 S.W.2d 859
(1987); Smith v. City of Springdale, 291 Ark. 63,722 S.W.2d 569 (1987). It has also been stated that "a city is authorized to enter into proper exclusive contracts for sanitation services." Smith v. City of Springdale, 291 Ark. 63,722 S.W.2d 569 (1987). This authorization is based, however, on the premise that a city has complied with any applicable competitive bidding requirements. Id. at 291 Ark. 66.
As to county purchasing laws, A.C.A. 14-22-104 (1987) requires "formal bidding" as a prerequisite to the purchase of "commodities" where the estimated purchase price equals or exceeds five thousand dollars ($5,000). The term "commodities" is defined in A.C.A. 14-22-101(2) (1987) as "all supplies, goods, . . . and services other than personal services, purchased for or on behalf of the county." As "personal services" are excepted from the bidding requirements in A.C.A. 14-22-104, it is important to determine which services can be so characterized. As discussed in Op. Att'y Gen. No. 90-030, contracts for "personal services" are generally those involving a peculiar skill or ability or those services demanding special skill, experience, and business judgment. The term "formal bidding," as appears in A.C.A. 14-22-104, is defined as follows:
 (5) `Formal bidding' shall mean the procedure to be followed in the solicitation and receipt of sealed bids, wherein:
 (A) Notice shall be given of the date, time, and place of opening of bids, and the names or a brief description and the specifications of the commodities for which bids are to be received, by one (1) insertion in a newspaper with a general circulation in the county, not less than ten (10) days nor more than thirty (30) days prior to the date fixed for opening such bids;
 (B) Not less than ten (10) days in advance of the date fixed for opening the bids, notices and bid forms shall be furnished to all eligible bidders on the bid list for the class of commodities on which bids are to be received, and to all others requesting them; and
(C) At least ten (10) days in advance of the date fixed for opening bids, a copy of the notice of invitation to bid shall be posted in a conspicuous place in the county courthouse;
Arkansas Code Annotated 14-22-101(5) (1987).
With regard to the county purchasing laws, therefore, a determination must be made in each case as to whether a service contract that equals or exceeds the sum of $5,000 is characterized as a "personal service" contract, such that the "formal bidding" requirements outlined above are not required.
In response to Mr. Wilson's first question, it is my opinion that there are no state statutes which restrict the length of service contracts that may be entered into by cities or counties. This determination is based on the statutes set forth above, wherein no such restrictions appear. There is a provision of the Arkansas Purchasing Law which states that contracts for commodities or services "may be entered into for periods of not more than five (5) years if funds for the first fiscal year of the contemplated contract are available at the time of contracting," but that provision applies only to state purchases or contracts. See A.C.A. 19-11-238 (1987). While there are no statutes which limit the length of city or county service contracts, reference should, however, be made to Article 12, 4 of the Arkansas Constitution, which provides, in pertinent part, the following:
 The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any county shall make or authorize any contract . . . in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; . . . nor shall any city council, board of alderman, board of public affairs, or commissioners of any city of the first or second class, or any incorporated town, enter into any contract . . . or authorize the issuance of any contract . . . in excess of the revenue for such city or town for the current fiscal year; . . . .
A factual inquiry on a case by case basis would be necessary in order to determine whether this constitutional provision limits the length of a particular service contract entered into by a city or county.
With regard to Mr. Wilson's second question, it is my opinion that, if a contract is of a type not subject to competitive bidding requirements (i.e., a contract which does not fall within the scope of the statutes outlined previously in this opinion), the contract may be entered into without public advertising or solicitation of bids. The following has been stated in this regard:
 Whether a contract for public work, or for furnishing supplies, services, etc., to the public, is to be entered into through private negotiation or only after competitive bidding is a matter of statutory provision and construction. In the absence of some controlling constitutional or statutory provision, or of some municipal ordinance or other legislative requirement, competitive bidding is not an essential prerequisite to the validity of contracts for public work, contracts to furnish materials to public bodies, or other contracts by and with public bodies.
64 Am.Jur.2d Public Works and Contracts 34 (1972).
With regard to that portion of Mr. Wilson's second question which pertains to the geographic scope of advertising, reference should be made to the statutes outlined previously in this opinion. For example, A.C.A. 14-58-303(b)(2)(A)(i) provides that, before cities of the first class may enter into contracts exceeding the amount of $5,000, the mayor shall "invite competitive bidding thereon by legal advertisement in any local newspaper." [Emphasis added.] Additionally, formal bidding under the county purchasing laws requires advertisement for bids in "a newspaper with a general circulation in the county." See A.C.A. 14-22-104(5)(A).
With regard to the third question posed, Mr. Wilson relates in his correspondence that much of the residential trash removal service performed by BFI Waste Systems is for residents within a city or county where there is no county or city operated or contracted service. The residents in these areas pay a monthly service charge, and there is no contract, meaning that they are at liberty to discontinue the trash removal service at their discretion. With regard to these circumstances, Mr. Wilson inquires as to whether his company would have a cause of action against a city for lost revenues if a city, which either operates its own trash removal service or is under contract for such service to be performed, annexed the area in which BFI's customers reside. Mr. Wilson poses a similar question with respect to counties. In response to this inquiry, it is my opinion that BFI Waste Systems should seek the advice of private counsel in order to determine whether a private cause of action could be maintained against a city or county under the circumstances outlined by Mr. Wilson in his correspondence.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] It should be noted that there are no provisions among the statutes regarding cities of the second class or incorporated towns which relate to contracts or competitive bidding. See generally A.C.A. 14-44-101 to -117 and 14-45-101 to -111.