The Honorable Jim von Gremp State Representative P.O. Box 866 Bentonville, AR 72712-0866
Dear Representative von Gremp:
This is in response to your request for an opinion on the following questions concerning the City of Bentonville's construction of a new police station:
 1. Whether construction management is considered a professional service under A.C.A. § 19-11-801?
 2. Whether the City may serve as its own general contractor?
It is my opinion that the answer to your first question is in all likelihood "no." The Arkansas Supreme Court has not been squarely faced with the question of the reach of A.C.A. § 19-11-801 etseq. Section 19-11-801 was, however, construed in Attorney General Opinion 90-012 (copy enclosed) to prohibit competitive bidding only for the specifically enumerated services, i.e.,
legal, architectural, engineering, and land surveying.[1]
The opinion stated:
 While the final clause of [A.C.A. § 19-11-801] may at first glance appear to prohibit competitive bidding for any professional service, it is my opinion that when read as a whole, Sections 19-11-801 et seq.
prohibit the use of competitive bidding for legal, architectural, engineering, and land surveying services, and should not be construed to prohibit bidding for professional services other than those within this enumerated class or group. [Emphasis original.]
Op. Att'y Gen. 90-012 at 2.
I agree with the conclusion reached in Opinion 90-012. The opinion construed the act as a whole and relied upon the title, due to the perceived ambiguity, as affirmation of the conclusion that the legislation was only intended to cover legal, architectural, engineering, and land surveying services. Id. at 3.
Thus, in my opinion, the answer to your first question is "no;" construction management is not included within the professional services covered by § 19-11-801. Thus, § 19-11-801 does not prohibit competitive bidding for the procurement of construction management services.[2]
It is my opinion that the answer to your second question is "yes." It seems clear that there is no prohibition against the city acting as its own general contractor. The city would, presumably, in that instance be acting as a contractor in the construction of its own property, as contemplated by A.C.A. §17-22-101(a) (Repl. 1992) (definitional section of the contractor's licensing law). The city would not be deemed a "contractor" under the licensing statutes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosure
[1] Section 19-11-801 states as follows:
 It is the policy of the State of Arkansas and political subdivisions that the state and political subdivisions shall negotiate contracts for legal, architectural, engineering, and land surveying services on the basis of demonstrated competence and qualifications for the type of services required and at fair and reasonable prices and to prohibit the use of competitive bidding for the procurement of professional services.
[2] It should perhaps be noted that bidding would in fact be required pursuant to A.C.A. § 14-58-303 (1987), where the amount of the contract exceeds $5,000. See Klinger v. City ofFayetteville, 293 Ark. 128, 131, 732 S.W.2d 859 (1987) (holding that contracts for professional services are not exempt from the competitive bidding requirements of A.C.A. § 14-47-138, the "sister statute" to § 14-58-303). Construction management would, I believe, be included within this requirement. See generally
10 McQuillan, Municipal Corporations § 29.35 (3rd ed. 1981) (defining professional services, generally, as those involving a particular skill or ability.)