The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, Arkansas 72110
Dear Senator Gordon:
This letter is a response to your request for an opinion regarding the competitive bidding process for trash collection service. You have presented the following specific question:
 Is the City of Morrilton required to advertise for bids for trash collection service contracts in a situation where the chosen contractor for the service will realize revenues in excess of $5,000.00, and the city of Morrilton will also realize revenue from the service?
It is my opinion that if the city's expenditure for the contract for the trash collection service will exceed $5,000.00,[1] the City of Morrilton is required to advertise for bids for the service. However, the applicable law provides for an exception to this requirement, as explained later in this opinion.
I have previously opined that contracts for trash collection service that fall within the statutory guidelines are subject to the statutory bidding requirements. See Attorney General Opinion No. 93-418, a copy of which is enclosed.
Because the City of Morrilton is a city of the first class operating under a mayor/council form of government, this matter is one that is directly governed by the provisions of A.C.A. § 14-58-303 and the case law interpreting that statute. The portions of A.C.A. § 14-58-303 which set forth the bidding requirement state:
 (a) In a city of the first class, the mayor or his duly authorized representative shall have exclusive power and responsibility to make purchases of all supplies, apparatus, equipment, materials, and other things requisite for public purposes in and for the city and to make all necessary contracts for work or labor to be done or material or other necessary things to be furnished for the benefit of the city, or in carrying out any work or undertaking of a public nature therein.
* * *
 (b)(2)(A)(i) Where the amount of expenditure for any purpose or contract exceeds the sum of five thousand dollars ($5,000), the mayor or his duly authorized representative shall invite competitive bidding thereon by legal advertisement in any local newspaper.
A.C.A. §§ 14-58-303(a) and (b)(2)(A)(i).
In Smith v. City of Springdale, 291 Ark. 63, 722 S.W.2d 569 (1987), the Arkansas Supreme Court addressed the precise question that you have presented, applying the provisions of A.C.A. § 14-58-303. In that case a taxpayer sued the city, alleging (among other things) that the city's contract for trash collection services was illegal in that it had not been obtained through the required competitive bidding procedure. The trial court dismissed that portion of the taxpayer's case, holding that competitive bidding for trash collection contracts was not required. On appeal, the Arkansas Supreme Court reversed the trial court's decision on that point, holding that bidding was required under A.C.A. § 14-58-303.
The court in Smith did not address the issue of the exception to required bidding that is provided in A.C.A. § 14-58-303. The portion of the statute setting forth the exception states:
 (B) The governing body, by ordinance, may waive the requirements of competitive bidding in exceptional situations where this procedure is deemed not feasible or practical.
A.C.A. § 14-58-303(b)(2)(B).
The statute does not define the terms "feasible" or "practical," nor does it provide any guidelines for governing bodies in determining whether the bidding procedure is feasible or practical in a given instance, or for determining what constitutes an "exceptional situation." The Arkansas Supreme Court has not construed this portion of the statute. However, it has addressed a similar exception that is set forth in the competitive bidding statute that governs cities operating under a city manager form of government — A.C.A. § 14-47-138. In Klinger v. City of Fayetteville,293 Ark. 128, 732 S.W.2d 859 (1987), the court indicated that the passage of an ordinance by the city's governing body pursuant to the language creating the exception, would, in effect, constitute a showing that the situation to which that ordinance applied was "exceptional," and that the bidding procedure therefore was not feasible in that situation. No such ordinance had been passed in Klinger. Accordingly, the court held that the bidding procedure was required.
It may therefore be concluded that the determination of whether a situation is "exceptional" or of whether the bidding procedure is "feasible" or "practical" in a given instance is a matter that the legislature has left to the discretion of the city's governing body. Thus, in the event that the city council of Morrilton has enacted an ordinance stating that an exceptional situation exists under which the bidding procedure for trash collection contracts is not feasible or practical, the bidding procedure will not be required. In the absence of such an ordinance, the bidding procedure for trash collection contracts will be required.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Presumably, the negotiated contract price will reflect any offset of revenues that the city will realize as a result of the contract.