The Honorable Mark Pate State Representative Post Office Box 943 Bald Knob, AR 72010-0943
Dear Representative Pate:
I am writing in response to your request for an opinion on the following:
 Do municipalities have to follow statutory bidding procedures for local projects when the funding is received from the federal government?
RESPONSE
In my opinion, the answer to your question is, generally, yes. Receipt of funding from the federal government does not mitigate the mandatory state law competitive bidding procedures for municipalities. A municipality should be mindful of any requirements for receipt of the federal moneys involved.
Initially, I must note the difficulty in answering your question without specifics regarding the nature of the funding received or the nature of the projects at issue. Several different statutes contain bidding procedures for municipalities, with each form of municipal government under the aegis of a different statute.
As a general matter, the Arkansas Code provides in the broadest terms possible:
 No contract providing for the making of major repairs or alterations, for the erection of building or other structures, or for making other permanent improvements shall be entered into by the state or any agency thereof, any county, municipality, school district, or local taxing unit with any contractor in instances where all estimated costs of the work shall exceed the sum of twenty thousand dollars ($20,000) unless [the subsequent bidding procedure is followed.]
A.C.A. § 22-9-203(a) (Supp. 2005).
I have previously opined that the "applicability of the public works law does not turn on the funding source for the project or the public ownership of the property to be improved," and that "[t]he pivotal question instead is whether the contract is a contract `by the State, or any agency thereof, any county, municipality, school district or other local taxing unit. . . .'" Op. Att'y Gen. 2004-322. The fact that the funds at issue are received from the federal government would not, therefore, obviate the bidding requirements as a general matter.
With regard to particular statutes, under a "mayor-council" form of city government, the procedure is set forth in A.C.A. §14-58-303 (Supp. 2005). Specifically, if the amount of the contract exceeds $20,000.00, the mayor "shall invite" competitive bidding. Id. at (b)(2)(A)(i). This office has previously opined that the term "shall" is a mandatory provision. Op. Att'y Gen.2005-125. The governing body, however, may state that competitive bidding is neither feasible nor practical through an ordinance to waive the statutory requirements. A.C.A. § 14-58-303(b)(1)(B).
Under a city manager form of municipal governance, competitive bidding requirements are outlined in A.C.A. § 14-47-138 (Repl. 1998). In this instance, the city board of directors is authorized to state the maximum allowable amount for a contract that may be signed by the city manager without competitive bidding under A.C.A. § 14-47-120. A.C.A. § 14-47-138(a). If the contract exceeds the amount previously established by the board of directors, "opportunity for competitive bidding shall be given." Id. As in mayor-council municipalities, the requirement for competitive bidding may be waived by ordinance. Id. at (b). Section 138 requires "exceptional situations where this procedure is not feasible." Id. The Arkansas Supreme Court has interpreted this section to mean that there must be an affirmative showing of infeasibility or impracticability in a separate ordinance. See Klinger v. City of Fayetteville,293 Ark. 128, 732 S.W.2d 859 (1987).
Arkansas Code Annotated § 14-48-129 (Repl. 1998) states the requirements for competitive bidding under a city administrator form of municipal government. It is substantially similar to A.C.A. § 14-47-138, discussed above. The board of directors is authorized to set the maximum amount that may be awarded absent a competitive bidding procedure. Id. at (a). The board of directors may, by ordinance, waive the requirements under "exceptional situations where this procedure is not feasible."Id. at (b).
All three of the applicable statutes contain mandatory language and require competitive bidding procedures to be followed by municipalities under certain circumstances. These procedures, however, include a provision for the governing body of a municipality to waive the actual competitive bidding under certain circumstances. I have not found any provisions that would exempt a municipality from following these bidding procedures because of the source of funding for a project.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh