For the reasons stated above, we affirm.

STATE of Arkansas *v.* William P. "Billy" SWITZER

CR 90-252                               806 S.W.2d 368

Supreme Court of Arkansas
Opinion delivered April 1, 1991

*Ron Fields*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellant.

*Appellee*, pro se.

TOM GLAZE, Justice. This case arises from grand jury indictments against appellant, Crossett Municipal Judge William P. "Billy" Switzer, accusing him of the felony offense of public servant bribery, and the misdemeanor offense of hindering apprehension or prosecution. These offenses were alleged to have occurred on August 19, 1983, and the indictments were returned on November 21, 1989.

Mr. Switzer moved to dismiss the charges against him, contending the statute of limitations, contained in Ark. Code Ann. § 5-1-109 (Supp. 1989), had run. The trial court agreed. The state appeals the trial court's decision under A.R.Cr.P. Rule 36.10(b) and (c), stating that error has been committed to the state's prejudice and that the correct and uniform administration of the criminal law requires review by this court. The state's procedure complies with Rule 36.10(b) and (c), and we retain jurisdiction because the case presents an issue of significant public interest or a legal principle of major importance and also involves the interpretation of § 5-1-109. *See* Ark. Sup. Ct. R. 29(4)(b); see also *State* v. *Block*, 270 Ark. 671, 606 S.W.2d 362 (1980).

An interpretation and application of § 5-1-109 first requires a brief discussion of testimony given by two witnesses that led to Mr. Switzer's charges. The first witness, Bennie Miles, testified that he operated four private clubs and sold marijuana for a Sam Phillips. Miles said that Phillips had Miles take thousands of dollars to Switzer every Monday. He also said that he delivered

alcohol to Switzer as a gift from Phillips. Miles testified that Phillips always knew when the police were going to raid his clubs.

Glenda Long, a deputy municipal court clerk, also testified against Switzer. She was romantically involved with Switzer from 1981 to 1986, and worked as his employee from 1981 to 1987. Long testified that he physically and mentally abused her, and she was afraid she would lose her job if she ceased seeing him. She claimed she saw Switzer take bribes or whiskey from bootlegers in Ashley County. She added further that, in August of 1983, Switzer warned Sam Phillips that search warrants had been issued to search his business. Long testified that she prepared an affidavit for arrest warrant which covered her knowledge of these crimes. Other evidence, however, showed that she never gave this information to law enforcement authorities. Instead, she hid the affidavit at her residence. The affidavit was discovered nearly six years later in August of 1989 when a deputy sheriff, David Oliver, found it during his search of Long's house. At the time, Oliver was investigating a homicide for which Long was apparently charged.

■ In view of the foregoing facts, the state argues that, while the crimes with which Switzer was charged occurred in 1983 and the indictments were not returned until 1989, the statute of limitations did not actually commence until Switzer's alleged misconduct was discovered in 1989. The state relies on § 5-1-109 which in relevant part provides as follows:

(a)    A prosecution for murder may be commenced at any time.

(b)    Except as otherwise provided in this section, prosecutions for other offenses must be commenced within the following periods of limitation after their commission:

(1)    Class Y and Class A felonies, six (6) years;

(2)    Class B, C, or D or unclassified felonies, three (3) years;

(3)    Misdemeanors or violations, one (1) year.

(c)    *If the period prescribed in subsection (b) has expired, a prosecution may nevertheless be commenced for*:

(1) *Any offense involving either fraud or breach of a fiduciary obligation, within one (1) year after the offense is discovered or should reasonably have been discovered by an aggrieved party or by a person who has a legal duty to represent an aggrieved party* and who is himself not a party to the offense; *and*

(2) *Any offense that is concealed involving felonious conduct in office by a public servant* at any time within five (5) years after he leaves public office or employment, or *within five (5) years after the offense is discovered,* whichever is sooner, but in no event shall this provision extend the period of limitation by more than ten (10) years after the commission of the offense. (Emphasis added.)

After reading the foregoing provisions, the trial court held the one-year statute of limitations for misdemeanors and the five-year limitations for a public servant offense barred the state's right to file the two offenses with which Switzer was charged. Although provisions (c)(1) and (2) allow additional time for the filing of offenses involving fraud, breach of fiduciary obligations and public servant bribery the trial court held those exceptions did not apply here because Long, as a deputy municipal court clerk, was a public officer sworn to uphold the laws of Arkansas and had personal knowledge on August 19, 1983, of the offenses with which Switzer was charged. In terms of provisions (c)(1) and (2), the trial judge found that Long "discovered" Switzer's criminal conduct in August of 1983, and as a public official, she had the legal duty to represent the state, the aggrieved party, to assure timely prosecution was taken against Switzer. We must disagree.

Until now, this court has not been asked to define "aggrieved party" in the criminal law context or to determine who, under the language of § 5-1-109(c)(1), has a legal duty to represent an aggrieved party. In *Blacks Law Dictionary,* "aggrieved party" is defined as follows:

One whose legal right is invaded by an act complained of, or whose pecuniary interest is directly affected by a decree or judgment. One whose right of property may be established or divested. The word "aggrieved" refers to a substantial grievance, a denial of some personal or prop-

erty right, or the imposition upon a party of a burden or obligation.

■ In considering the above definition in a criminal context, an aggrieved party would be the victim of the crime. Thus, under the circumstances here, Long clearly is not the victim. Instead, more appropriately, when considering the offenses involved, the state or public is the victim — or aggrieved party, as that term is used in § 5-1-109(c)(1). We then turn to the question reached by the trial court below and decide whether it was correct in deciding that Long had a legal duty to represent the state to see that appropriate charges were timely filed against Switzer.

■ First, Long did not discover the criminal misconduct information concerning Switzer in her capacity as court clerk, but instead learned of it as a result of her intimate relationship with him. Second, if she had discovered such information in her capacity as court clerk, her duties were merely ministerial or administrative in nature, and she had no duty or authority to investigate or prosecute criminal activities.

Finally, the California Appellate Court in *People* v. *Kronemyer*, 189 Cal. App. 3d 314, 234 Cal. Rptr. 442 (1987), considered the meaning of its law in view of several other state statutes of limitations containing language (similar to Arkansas's), referring to persons "with the legal duty to represent an aggrieved party." The court construed that language to limit the class of persons who had a legal duty which could trigger the statute of limitations to those persons who are either the direct victim, a person with a legal duty to report the offense, or a person standing within a legal relationship to the direct victim which gives rise to a duty in law to act in the victim's behalf. The California court further stated that such statute of limitations language is not designed to influence persons who are not otherwise motivated to report suspicious conduct to do so. Rather, it is to prevent persons directly affected by the crime, or those persons who have a legal duty to investigate and timely prosecute criminal activities, from denying a suspected criminal a speedy trial. *Id.*

■ As previously mentioned, Long is not authorized by law to represent the state in the context of § 5-1-109(c)(1), nor is she an aggrieved party under that provision. However, either Deputy

Sheriff Oliver or the grand jury can be said to have had a legal duty to report or investigate Switzer's possible criminal misconduct. As we read the record, Oliver, in August of 1989, was the first person who discovered information (Long's affidavit) bearing on Switzer's criminal culpability, and the grand jury was next in learning of this information through the testimony of Miles and Long on November 21, 1989. Either way, Mr. Switzer was charged well within the extended period of limitation provided under the terms of § 5-1-109(c)(1) and (2).

For the reasons stated above, we hold that the trial court erred in its construction of § 5-1-109 and dismissal of the state's charges.