The Honorable Bud Canada State Senator 106 Meyer Building Hot Springs, AR 71901
Dear Senator Canada:
This is in response to your request for an opinion on the following question:
 What is the time limitation (statute of limitations) in Arkansas for embezzlement?[1]
The statute of limitations for criminal offenses is set forth under the Arkansas Criminal Code at A.C.A. § 5-1-109
(Cum. Supp. 1991). With regard to embezzlement, it must be initially noted that the former separate statutory offense of embezzlement was consolidated into the crime of theft under the Criminal Code. A.C.A. § 5-36-102; see Sitz v. State, 23 Ark. App. 126, 743 S.W.2d 18 (1988); State v. Reeves, 264 Ark. 622, 574 S.W.2d 647 (1978). Section5-36-102(a)(1) states:
 Conduct denominated theft in this chapter constitutes a single offense embracing the separate offenses heretofore known as larceny, embezzlement, false pretense, extortion, blackmail, fraudulent conversion, receiving stolen property, and other similar offenses.
The statute of limitations in theft cases will generally turn on the classification of the offense. See A.C.A. §5-36-103 (Cum. Supp. 1991). Theft of property may be a Class B felony, a Class C felony, a Class D felony, or a Class A misdemeanor. Id. The statute of limitations for felonies and misdemeanors is set forth under A.C.A. §5-1-109 (Cum. Supp. 1991) as follows:
 (b) Except as otherwise provided in this section, prosecutions for [offenses other than murder] must be commenced within the following periods of limitation after their commission:
* * *
 (2) Class B, C, or D, or unclassified felonies, three (3) years;
 (3) Misdemeanors or violations, one (1) year.
Reference must also be made to subsections (c) through (g) of § 5-1-109, which state as follows:
 (c) If the period prescribed in subsection (b) has expired, a prosecution may nevertheless be commenced for:
 (1) Any offense involving either fraud or breach of a fiduciary obligation, within one (1) year after the offense is discovered or should reasonably have been discovered by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not a party to the offense; and
 (2) Any offense that is concealed involving felonious conduct in office by a public servant at any time within five (5) years after the offense is discovered or should reasonably have been discovered, whichever is sooner, but in no event shall this provision extend the period of limitation by more than ten (10) years after the commission of the offense.[2]
 (d) A defendant may be convicted of any offense included in the offense charged, notwithstanding that the period of limitation has expired for the included offense, if as to the offense charged the period of limitation has not expired or there is no such period, and there is sufficient evidence to sustain a conviction for the offense charged.
 (e) For the purposes of this section, an offense is committed either when every element occurs or, if a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time the course of conduct or the defendant's complicity therein is terminated. Time starts to run on the day after the offense is committed.
 (f) A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument, provided that such warrant or process is sought to be executed without unreasonable delay.
 (g) The period of limitation does not run:
 (1) During any time when the accused is continually absent from the state or has no reasonably ascertainable place of abode or work within the state, but in no event shall this provision extend the period of limitation otherwise applicable by more than three (3) years; or
 (2) During any period when a prosecution against the accused for the same conduct is pending in this state.
It is thus apparent that reference must be made to the particular facts in order to determine the applicable statute of limitations in any given instance. The foregoing will, however, hopefully offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] I assume that your question is asked with respect to offenses committed after January 1, 1976, the effective date of the Arkansas Criminal Code.
[2] See State v. Switzer, 305 Ark. 158, 806 S.W.2d 368
(1991), for recent review of subsection (c) of A.C.A. §5-1-109, and specifically, who constitutes an "aggrieved party" and who has a "legal duty" which could trigger the statute of limitations.