Linda Lee HARPER *v.* John M. SHACKLEFORD

CA 92-799 850 S.W.2d 15

Court of Appeals of Arkansas
Division II
Opinion delivered March 17, 1993

*Mary Thomason*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

JAMES R. COOPER, Judge. Linda Lee Harper appeals from an order of the circuit court of Union County that awarded the appellee, John M. Shackleford, Jr., $14,786.00 in attorney's fee and $286.00 in expenses for the appellee's representation of the appellant in a divorce proceeding. The appellant presents several points for reversal, all related to the reasonableness of the attorney's fee that was awarded. We affirm as modified.

The appellee, who has practiced as an attorney in El Dorado since 1946, was retained by the appellant on December 12, 1990, to represent her in the divorce proceeding that potentially also involved the issues of child custody, visitation, and the division of extensive property rights. The primary issue became the division of five business entities with a combined gross value of $1,366,559.00. The appellant terminated the appellee's services on July 2, 1991, approximately three months prior to the hearing on the divorce complaint, and thereafter refused to pay the appellee's bill. The appellee then brought suit to collect the debt.

On appeal, the appellant argues that: (1) the court erred in ignoring Rule 1.5 of the Model Rules of Professional Conduct which require that a lawyer communicate to the client the basis or rate of the fee preferably in writing before or within a reasonable time after commencement of representation; (2) the court erred as a matter of law in failing to apply its own experience and knowledge in determining the reasonableness and necessity of the attorney fees; (3) the court erred in failing to apply Rule 1.5(a)(1-8) in determining the reasonableness of a fee; (4) the court erred

as a matter of law in failing to grant a new trial; and (5) the court erred in accepting the appellee's testimony as to the time expended on the case without requiring any verification and documentation as to the time expended.

At trial, the appellee testified that at his initial meeting with the appellant, he explained to her that his final bill would depend on how many issues were contested, the complexity of the issues, and the number of court appearances required. The appellee also said that he told the appellant the bill could easily be $25,000.00 if the issues were contested at a hearing. He could not remember if he gave her an hourly rate but said that his firm's standard rate is $125.00 an hour. He stated that at a later meeting he told the appellant his fee up to that time was between $10,000.00 and $12,000.00. Consequently, he said, the "up front" money the appellant requested in a settlement proposal was increased by $35,000.00 to allow for the appellant's payment of his fee.

After his initial meeting with the appellant, the appellee said he negotiated a temporary settlement of the issues pending trial and a date for the evaluation of property that would be advantageous to his client. The appellee testified to, and itemized in his bill, the time he spent on the preparation of various pleadings, including interrogatories, motions, and correspondence. The appellee also recounted his efforts in meetings with the appellant and an accountant to determine the parties' assets and debts, assess a settlement proposal, and develop a counterproposal.

Included in the record is the appellee's itemized bill, 91 hours billed at $125.00 an hour. The bill was developed, the appellee said, by an examination of his file that enabled him to assess the time expended on the case.

The appellant testified that she sought the appellee's help after hearing that he was a "good" attorney. At their first meeting, she said, he told her that his charge would be $90.00 an hour, but she did not request an agreement in writing. She also said that the appellee knew at that time that the only issue would be the division of property. She asserted that fair compensation for the appellee's services would be $2,500.00, which she said was the amount her ex-husband paid his attorney for representation in the same proceeding. The appellee said that the only issue contested at the hearing on the divorce complaint was the division

of property.

In his letter opinion, the trial judge stated:

I have reviewed the file, the evidence presented, testimony of the parties and authorities furnished. Please accept this letter as notice of the Court's ruling.

At issue is the reasonableness, necessity and amount of legal services. Mr. Shackleford testified at length concerning his legal service to Ms. Harper. Ms. Thomason extensively cross-examined him. The [appellant] presented evidence as to her contact with Mr. Shackleford and her recollection as to their conversation. There was no expert testimony as to the reasonableness or necessity of the services other than Mr. Shackleford.

Without evidence to the contrary, this Court cannot reduce the billed service except by arbitrary means. Therefore, the prayer for relief as set forth in the complaint is granted.

On January 27, 1992, the appellant filed a motion for new trial, which was denied by the trial court.

 One of the appellant's arguments is that the trial court erred in finding that the attorney's fee sought by the appellee was reasonable and in failing to grant the appellant's motion for a new trial. When a motion for a new trial is made to the trial court, the test applied is whether the judgment is against the preponderance of the evidence. Ark. R. Civ. P. 59(a). However, the test on review, where the motion was denied, as here, is whether the judgment is supported by substantial evidence, giving the judgment the benefit of all reasonable inferences permissible under the proof. *Schuster's, Inc.* v. *Whitehead*, 291 Ark. 180, 181, 722 S.W.2d 862, 863 (1987).

██ Among the factors that should be taken into account in determining the reasonableness of an attorney's fee are the attorney's skill and experience, relationship between the parties, difficulty of services, extent of litigation, time and labor devoted to the cause, fee customarily charged, and the results obtained. *Sutton* v. *Ryder Truck Rental, Inc.*, 305 Ark. 231, 238-39, 807 S.W.2d 905, 909 (1991). The appellant maintains that in

applying these factors, the trial judge impermissibly ignored the appellant's testimony, failed to apply his own experience and knowledge, and based his findings on the appellant's failure to provide expert witness testimony.

The trial judge's letter opinion demonstrates that he carefully reviewed all the evidence. The trial judge may have given more weight to the appellee's testimony than the appellant's testimony, but it is the province of the trier of fact to determine the credibility of the witnesses and resolve any conflicting testimony. *First State Bank of Crossett* v. *Phillips*, 13 Ark. App. 157, 160, 681 S.W.2d 408, 409 (1984). We agree with the appellee that there is no evidence the trial judge did not consider his own experience and knowledge in assessing the fee. And, as the appellee points out in his brief, there is no requirement that the trial judge consider his own experience and knowledge. *See Robinson* v. *Champion*, 251 Ark. 817, 819, 475 S.W.2d 677, 678 (1972). Next, we do not interpret the letter opinion to state that the trial judge's findings were based on the appellant's failure to present expert testimony. We believe that, in weighing the evidence, the trial judge simply noted that the only expert testimony was the appellee's testimony and found that the preponderance of the evidence supported the appellee's claim.

The trial judge reviewed the evidence and found that the preponderance of the evidence supported the reasonableness of the fee. Based upon our review of the record, we cannot say the judgment is not supported by substantial evidence.

In her brief, the appellant has also alleged violation by the appellee of the Model Rules of Professional Conduct. In *Orsini* v. *Larry Moyer Trucking, Inc.*, 310 Ark. 179, 833 S.W.2d 366 (1992), the Supreme Court affirmed a trial court's refusal to allow the introduction of the above rules in a legal malpractice case. The Court said:

> The Rules are not designed for a basis of civil liability, but are to provide guidance to lawyers and to provide a structure for regulatory conduct through disciplinary agencies. No cause of action shall arise from a violation, nor should it create any presumption that a legal duty has been breached. "Scope", Model Rules of Professional Conduct, by per curiam order of Supreme Court of

December 16, 1985.

310 Ark. at 184-85, 833 S.W.2d at 369. We find that the appellant's allegations are not based on any finding of fact by the trial court, were not raised below, and are not proper subjects on appeal.

▮ The appellant further argues that the failure of the appellee to keep detailed time records is fatal to his claim, but the appellant provides no convincing authority for this assertion. In addressing such an argument, the Supreme Court has said:

> It would have been desirable to have had time records, if they were kept, but there is not now, and never has been, any rule of law or procedure in this state that requires submission of time records in support of a request for payment of attorneys' fees. While the time spent is an important element to be considered in determining the reasonable value of an attorney's services, it is not the controlling factor and is sometimes a minor one.

*Powell* v. *Henry*, 267 Ark. 484, 487, 592 S.W.2d 107, 109 (1980).

Finally, the appellant alleges that the trial court erred in calculating the amount of the attorney's fee and expenses to be awarded to the appellee. We agree. The trial court entered judgment for the appellee in the amount of $14,786.00, plus expenses in the amount of $286.00. Clearly, the trial court's award was based on the $15,000.00 bill for services sent to the appellant by the appellee. Subsequently, however, the appellee itemized his time spent on the case, and his testimony at trial clearly shows that the $15,000.00 bill was not properly calculated. The appellant's abstract contains the following testimony by the appellee:

> I presented Mrs. Harper with an initial bill and she then requested an itemization, which was proper. I furnished her with an itemization of the bill. I billed her on an hourly basis. I expended 91 hours that I could document at my firm's normal regular rate of $125.00 per hour for a total of $15,000.00 for legal services rendered. There was the expenses of the Clerk, telephone calls, and xerox in the amount of $286.00 for a total bill of $15,286.00. Mrs. Harper had given me a check for $500.00 for an initial

retainer leaving him an amount due of $14,786.00.

 The appellee's testimony reveals that a mathematical error occurred in the calculation of the bill for legal services, which should have been $11,375.00 ($125.00 per hour $\times$ 91 hours = $11,375.00). The appellee's misstatement of this sum as $15,000.00 was obviously carried over into the trial judge's opinion. Obvious mathematical errors may be corrected on appeal, and such correction is not precluded even under the doctrine of law of the case. *See Potter* v. *Easley*, 288 Ark. 133, 703 S.W.2d 442 (1986). Therefore, we modify the trial court's award to the appellee to reflect the corrected sum of $11,375.00 for services, plus $286.00 for expenses, minus the $500.00 the appellant paid the appellee for an initial retainer fee, giving a total award of $11,161.00.

Affirmed as modified.

ROBBINS and ROGERS, JJ., agree.