2009 Ark. App. 532

**Keith OWENS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1002.**

Court of Appeals of Arkansas.

July 1, 2009.

David L. Dunagin, Fort Smith, for appellant.

Dustin McDaniel, Att'y Gen., by: Nicana C. Sherman, Ass't Att'y Gen., for appellee.

**DAVID M. GLOVER, Judge.**

In this appeal from revocation of a suspended imposition of sentence, appellant, Keith Owens, argues that the trial court did not have jurisdiction to revoke his suspended sentence, or, in the alternative, if the trial court did have jurisdiction, it erred in finding that the State had proved that he had violated the terms and conditions of his suspended imposition of sentence by a preponderance of the evidence. We agree that the trial court did not have jurisdiction to revoke Owens's suspended sentence; therefore, we reverse and dismiss the case.

On June 22, 2001, Owens entered a negotiated plea for failing to comply with the reporting requirements of the Sex and Child Offender Registration Act. He was sentenced to two years' imprisonment, with an additional four years' suspended imposition of sentence. A judgment and commitment order to this effect was filed on July 3, 2001; an amended judgment, reflecting the same sentence, was filed on July 18, 2001. Neither judgment ordered restitution to be paid.

An agreed order was entered into and filed almost three years later on April 29, 2004. It stated that Owens had been ordered to pay his child support as a part of his suspended sentence (although there was no requirement to that effect in either judgment and commitment order); that he had encountered problems having an agency to accept said payments; that he and the State had agreed to allow the payments to be collected by the prosecuting

# 528

attorney's restitution office to make compliance with the judgment easier to ascertain; and that the prosecuting attorney's office would forward the monies to the appropriate agency.

The State filed a petition to revoke Owens's suspended imposition of sentence after the suspended sentence had expired.[1] At the revocation hearing, Owens's counsel argued that the trial court had no jurisdiction to entertain the revocation petition because Owens's suspended imposition of sentence ended on June 22, 2007, and the State did not file the revocation petition until September 17, 2007. The State countered with the argument that the 2004 agreed order [3]provided that Owens's child support would be paid through the prosecuting attorney's office as restitution; that Owens still owed a significant amount of back child support; and that, pursuant to Arkansas Code Annotated section 5-4-303(h)(2) (Repl.2006), the trial court retained jurisdiction over Owens. The trial court agreed with the State that it retained jurisdiction over Owens, and, after holding a hearing, revoked Owens's suspended imposition of sentence.

Owens now argues, as he did below, that the trial court did not have jurisdiction to revoke his suspended sentence. A trial court may revoke a defendant's suspended sentence at any time prior to the expiration of the period of suspension if it finds by a preponderance of the evidence that the defendant has inexcusably failed to

comply with a condition of his suspended sentence. Ark.Code Ann. § 5-4-309(d) (Repl.2006). Pursuant to Arkansas Code Annotated section 5-4-303(h)(2), if the suspended sentence was conditioned upon making restitution, and the defendant has not satisfactorily made all of his payments at the end of the probation period, then the trial court may continue to assert jurisdiction over the defendant and either extend the probation period or revoke the defendant's suspended sentence.

The State argued below, and the trial court agreed, that the April 2004 agreed order allowing Owens to pay his child-support-arrearage payments to the restitution office of the prosecuting attorney's office constituted restitution, and therefore the trial court retained jurisdiction over Owens until his child-support obligations were fulfilled. We disagree.

[4]Our statutes define "restitution" as "the act of making good or giving equivalent value for any loss, damage, or injury." Ark.Code Ann. § 5-4-101(4)(A) (Repl. 2006). When ordering restitution, "the sentencing authority shall make a determination of actual economic loss caused to a victim by the offense." Ark.Code Ann. § 5-4-101(4)(A) (Repl.2006). For restitution purposes, a "victim" includes "any person, partnership, corporation, or governmental entity or agency that suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant's

---

1. Owens's brief does not comply with the Rules of the Arkansas Supreme Court and Court of Appeals, Rule 4-2(a)(8) (2004), in that the addendum lacks the State's Petition to Revoke and/or Show Cause. Under Rule 4-2(b)(3), "If the Court finds the abstract of Addendum to be deficient such that the Court cannot reach the merits of the case ... the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies...." We are mindful of our supreme court's recent per curiam opinion,

*Roberts v. Roberts,* 2009 Ark. 306, 319 S.W.3d 234 (2009); however, we do not consider the deficiency herein to be such that this court cannot reach the merits of the case pursuant to Rule 4-2(b)(3). The parties agreed at the revocation hearing that the State filed its revocation petition after the suspended sentence period had expired. That fact is the only fact about the petition that is material to our jurisdictional analysis. Thus, we need not order rebriefing as is allowed by Rule 4-2(b)(3).

offense or criminal episode." Ark.Code Ann. § 5–4–205(c)(1). "Restitution" is defined in *Black's Law Dictionary* as "compensation for loss; esp., full or partial compensation paid by a criminal to a victim, not awarded in a civil trial for tort, but ordered as part of a criminal sentence or as a condition of probation." *Black's Law Dictionary* 1339 (8th ed.2004).

In the present case, Owens entered a negotiated plea of nolo contendere to the offense of failing to comply with reporting requirements of the Sex and Child Offender Registration Act. This Act, found at Arkansas Code Annotated section 12–12–904 (Supp.2007), requires sex offenders to register and provide information such as address, employment, and education, among other things. There is no particular victim associated with Owens's offense of failing to comply with reporting requirements of the Sex and Child Offender Registration Act. The various state agencies and people connected to his child-support obligation were certainly not victims of Owens's violation of this Act. Therefore, there cannot be restitution associated with this offense. In the statutory words, Owens's child support was not to "make good" an "actual economic loss" of a "victim" of his failure to comply with the reporting requirements of the Sex and Child Offender Registration Act.

Because Owens owed no restitution at the end of his suspended sentence, the trial court could not retain jurisdiction over him. The trial court had no jurisdiction to revoke Owens's suspended sentence; therefore, we reverse and dismiss the revocation.

Reversed and dismissed.

HART and MARSHALL, JJ., agree.