2009 Ark. 594

Brad SINGLETON, Appellant,

v.

STATE of Arkansas, Appellee.

No. CR 09–176.

Supreme Court of Arkansas.

Dec. 3, 2009.

Kathy Hall, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Karen Virginia Wallace, Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice.

Appellant Brad Singleton pled guilty to fleeing and theft by receiving of a car, and he was sentenced to thirty-six months' su-

pervised probation. Singleton was also ordered to pay restitution in the amount of $250 to Connie Nelson, the owner of the car, and $15,260.72 to State Farm Insurance Company, for monies paid under its policy on the car. Singleton contends that the circuit court erred in ordering restitution to State Farm, pursuant to Arkansas Code Annotated section 5–4–205 (Repl.2006), because State Farm is not a "victim" under that statute, nor is it an "aggrieved party," under Arkansas Code Annotated section 5–4–303 (Repl.2006). Singleton also contends that the circuit court erred in ordering restitution to State Farm because there was insufficient evidence to show that he could afford to pay restitution. We accepted certification of this case from the court of appeals because it is a case involving an issue of first impression. Thus, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(1) (2009). We affirm the circuit court's order as modified.

Singleton admits that he took Connie Nelson's car and wrecked it. He further admits that the car was totaled and that State Farm compensated Nelson for her loss, pursuant to her insurance policy. Singleton's contention on appeal is that, because State Farm has a civil remedy available through subrogation, it is not entitled to restitution as a "victim" under section 5–4–205 or as an "aggrieved party" under 5–4–303. He asserts that State Farm had a contractual obligation to Nelson and that Nelson was entitled to payment from State Farm because she had, in turn, paid premiums to State Farm. Singleton states that the fact that State Farm, in the ordinary course of its business, made good on its obligation cannot make it a "victim" or an "aggrieved party." The State responds that, pursuant to the plain language of the statutes at issue, Singleton's argument must fail.

The issue before us is one of statutory interpretation. This court reviews issues of statutory interpretation de novo, as it is for this court to decide the meaning of a statute. *Stivers v. State,* 354 Ark. 140, 118 S.W.3d 558 (2003). We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Id.* We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id.* We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.*

Pursuant to Arkansas Code Annotated section 5–4–303(c)(8), as a condition of a suspended imposition of sentence or as a condition of probation, a court may require that a defendant "[m]ake restitution to an aggrieved party in an amount the defendant can afford to pay for the actual loss or damage caused by his or her offense." In addition, a defendant who enters a plea of guilty to an offense may be ordered to pay restitution to the victim or victims of his offense. *See* Ark.Code Ann. § 5–4–205. "Victim" as used in section 5–4–205 and in any provision of law relating to restitution means "any person, partnership, corporation, or governmental entity or agency that suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant's offense or criminal episode." Ark.Code Ann. § 5–4–205(c)(1). While "aggrieved party" is not defined in section 5–4–303, we note that

the statute initially uses the term "aggrieved party," *see* Arkansas Code Annotated section 5–4–303(c)(8), but then later uses the term "victim." *See* Ark.Code Ann. § 5–4–303(h)(1)(A), (B)(iii). It is clear from our review that the terms are used interchangeably in section 5–4–303 and that "aggrieved party" means "victim." *See also State v. Switzer,* 305 Ark. 158, 161–62, 806 S.W.2d 368, 370 (1991) (stating that, in the criminal-law context, an "aggrieved party" is the "victim of the crime").

■ State Farm is registered as a foreign corporation in Arkansas, of which we can take judicial notice. *See Brown v. State,* 375 Ark. 499, 503, 292 S.W.3d 288, 290 (2009) (noting that this court may take judicial notice of records required to be kept by the Secretary of State). State Farm representative Keith Smith testified that State Farm paid off the remainder of Nelson's car note to Toyota Motor Credit in the amount of $14,810.73. Smith further testified that State Farm also paid $449.96 to Enterprise Rent–A–Car for Nelson's car rental resulting from the theft. The circuit court added these figures together and concluded that Singleton owed restitution to State Farm in the amount of $15,260.72 to compensate the corporation for its expense.[1]

■ We are not persuaded by Singleton's argument that an insurance company, which is in the business of assuming risk for profit and which has the civil remedy of subrogation, cannot be a "victim" or an "aggrieved party" for the purposes of the restitution statutes at issue. State Farm is a corporation that incurred monetary expense as an indirect result of Singleton's crime when it compensated Nelson for the loss of her car. Pursuant to the plain language of section 5–4–205, State Farm is a "victim" eligible for restitution. Likewise, State Farm is an "aggrieved party" eligible for restitution for its loss caused by Singleton's crime. *See* Ark.Code Ann. § 5–4–303; *see also Switzer, supra.* The circuit court did not err in ordering Singleton to pay restitution to State Farm.

■ Singleton next contends that there is insufficient evidence to support the order of restitution because the circuit court failed to consider the amount he could afford to pay, as is required by Arkansas Code Annotated section 5–4–303(c)(8). Singleton did not raise this particular argument below, and it is therefore not preserved for our review. *E.g., Davis v. State,* 368 Ark. 401, 246 S.W.3d 862 (2007). Our law is well settled that we do not consider arguments, even constitutional ones, raised for the first time on appeal. *E.g., Hinkston v. State,* 340 Ark. 530, 10 S.W.3d 906 (2000).

■ As previously noted, the record reveals that a mathematical error occurred in the calculation of the restitution owed to State Farm. The circuit court, after adding $14,810.73 and $449.96 together, awarded State Farm restitution in the amount of $15,260.72. Obvious mathematical errors may be corrected on appeal, and such correction is not precluded, even under the doctrine of the law of the case. *See, e.g., Potter v. Easley,* 288 Ark. 133, 703 S.W.2d 442 (1986); *Harper v. Shackleford,* 41 Ark. App. 116, 850 S.W.2d 15 (1993). Therefore, we modify the circuit court's award of

---

1. The circuit court's calculation was three cents greater than the actual sum of the two figures added; the correct amount is $15,260.69. The circuit court did not require Singleton to pay restitution for the $4,290.52 State Farm paid to Nelson for her equity in the vehicle. Singleton does not appeal the $250 he was required to pay Nelson for the deductible on her insurance coverage.

restitution to State Farm to reflect the correct sum of $15,260.69.

Affirmed as modified.

IMBER, J., not participating.

WILLS, J., concurring.

WILLS, J., concurring.

I concur. I agree with the majority's conclusion that the definition of the term "victim" in our restitution statute is broad enough to include an insurance company. I write separately, however, to point out that under our statutes, restitution is limited to a victim's "actual economic loss." *See* Ark.Code Ann. § 5–4–205(b)(1) (Repl. 2006). "Actual economic loss" is not defined in the statutes, and I question how that figure is to be determined when the "victim" is an insurance company. For example, in this case, the circuit court ordered appellant Brad Singleton to pay State Farm $15,260.72, an amount equal to the balance remaining on Connie Nelson's car loan plus the amount paid for a rental vehicle. The court did not, however, order Singleton to make restitution to State Farm for the $4,290 that State Farm paid Nelson for the equity in her vehicle.

The goal of restitution is make the victim "whole." *See Jester v. State,* 367 Ark. 249, 239 S.W.3d 484 (2006). I am concerned that, without further statutory parameters on what constitutes an insurance company's "actual economic loss," an insurer receiving restitution may be made more than whole. An insurance company is, after all, in the business of collecting premiums from its insureds, and, after taking those premiums and other factors into consideration, there may be instances in which the insurer might, after receiving restitution from a defendant, recoup an amount in excess of its "actual economic loss."

In this case, there was no proof of State Farm's "actual economic loss" in the sense that the court was not presented with actuarial evidence to demonstrate how much money State Farm actually "lost" when it paid out on Nelson's claim. As noted above, the insurer was not awarded restitution for all the amounts that it paid. I thus cannot conclude that State Farm was allowed to receive more than its actual loss in this case. I would simply urge the General Assembly to consider this particular issue and clarify the treatment of restitution paid to insurance companies.