2011 Ark. 112

**Joe A. NEWMAN, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**· No. CR 10–1077.**

Supreme Court of Arkansas.

March 17, 2011.

Worsham Law Firm, P.A., by: Richard E. Worsham, Little Rock, for appellant.

Dustin McDaniel, Atty. Gen., by: Karen Virginia Wallace, Asst. Atty. Gen., for appellee.

PAUL E. DANIELSON, Justice.

Appellant Joe A. Newman appeals from the judgment and commitment order revoking his probation, convicting him of failure to register/comply as a sex offender, and sentencing him to seventy-two months' imprisonment. Newman previously appealed to the court of appeals, which reversed his conviction and sentence. *See Newman v. State,* 2010 Ark. App. 643, 379 S.W.3d 523. The State petitioned this court for review, which we granted. When we grant review, we treat the appeal as if it were originally filed in this court. *See T.C. v. State,* 2010 Ark. 240, 364 S.W.3d 53. Here, Newman's sole point on appeal is that the circuit court erred in determining that he violated a condition of his probation by performing carpentry work at a children's daycare in violation of Arkansas Code Annotated § 5–14–129(a) (Repl.2006). Because the plain language of the statute, as written, does not apply to the facts before us, we reverse Newman's conviction and sentence and remand.

The record reflects that on March 14, 2007, Newman entered a negotiated plea of guilty or nolo contendere to a violation of Ark.Code Ann. § 12–12–904 (Supp.2003) for failing to register or comply with the requirements for registration of sex offenders; he was sentenced to probation for twenty-four months. However, on Octo-

ber 28, 2008, the State filed a petition to revoke Newman's probation, asserting that he had violated the terms of his probated sentence. Specifically, as set forth in the violation report attached to the State's petition, it was alleged that Newman violated

RULE # 13–15 FEES–A.) Mr. Newman has failed to pay fees owed and is currently delinquent $50 in PSF and $525 to JCSO.

RULE # 16 SPECIAL CONDITIONS–A.) On or before 08/19/2008, Mr. Newman knowingly violated Arkansas Criminal Code 5–14–129 of the Sex Offender Registration Act of 1997 by working at TLC Daycare.[1]

A hearing was held on the revocation petition on September 8, 2009, at which Newman's probation officer, LaShondra Brown, was the sole witness. She testified that she was informed that Newman was working at TLC Daycare. She stated that she then called Newman, who admitted that he had been working at the daycare, but claimed that he had done so "after-hours." She testified that after further questioning, Newman admitted that he had been working at the daycare when children were present and told her that his employer knew he was a sex offender. She stated that Newman told her that he had been putting up doors and doing baseboards at the daycare. Ms. Brown testified that she instructed Newman |₃"not to return to the daycare or work at a daycare or be anywhere, you know, where kids congregate."

Ms. Brown testified that she then called Bobbi Richmond, the owner of the daycare, who praised Newman. Ms. Brown testified that Ms. Richmond told her that she had not known previously that Newman was a sex offender, but that he had since called and told her of his status. Ms.

Brown described Ms. Richmond as "shocked." On redirect, the State admitted into evidence a "sex offender acknowledgment form" that Newman had signed in 2007. Ms. Brown testified that paragraph seven of the form provided:

Pursuant to Act 1779 of 2005, it is unlawful for a sex offender who is required to register under the Sex Offender Registration Act of 1997, § 12–12–901 et seq., and who has been assessed as a level 3 or level 4 offender to engage in an occupation or participate in a volunteer position that requires the sex offender to work or interact primarily and directly with children under sixteen (16) years of age.

She further stated that TLC Daycare had children under sixteen years of age and that Newman had admitted working at TLC. Following arguments by the State and defense counsel, the circuit court revoked Newman's probation and sentenced him to six years' imprisonment, stating:

We've read this sex offender acknowledgment form which was signed by Mr. Newman and which does require a degree of interpretation. [Number] Seven in particularly reads:

Pursuant to Act 1779 of 2005, it is unlawful for a sex offender who is required to register under [the] Sex Offender Registration Act of '97, which is Code Provision 12–12–901, etc., who has been assessed as a Level 3 or 4 offender to engage in an occupation or participate in a volunteer position that requires the sex offender to work or interact primarily and directly with children under 16 years of age.

|₄States-states that fairly clear and succinct. Establishment here has been

1. The report further stated that Newman was a Level 4 sex offender, "which classifies him

as a Sexually Violent Predator."

that the defendant is a Level 3 sex offender. The daycare where he was working did have people under the age of 16. One of the parents who have family there who happened to know that the defendant was a sex offender seemed to have reported him. During the course of the conversation, other reports came out that the defendant was transporting a co-worker and her children, as such.

The Court believes and the Court's interpretation of the sex offender acknowledgment form and particularly paragraph seven is that the defendant is not allowed to accept work or to volunteer for assistance to someone that's going to require him to work or to interact primarily and/or directly with children. And to read that and then tell a Level 4 sex offender to go ahead and get in the midst of the kids as long as your job assignment is not teaching them or taking them to the party, and to say that we do that the Court believes would be a strained interpretation and downright ludicrous.

The Court finds the defendant violated the terms and conditions of his probation and that he should—he signed the form and continued to work. I'm not exactly sure. The Court is going to revoke his probation. He is on probation on a D felony. The Court is going to send him to the Department of Correction for a period of six years.

Set an appeal bond of $10,000.

Newman now appeals.

■ Newman argues, for his sole point on appeal, that the circuit court erred in revoking his probation. He contends that he did not violate Ark.Code Ann. § 5–14–129 (Repl.2006), as there was no evidence that he worked or interacted with any child under the age of sixteen years. He further asserts that, even were this court

to determine that he violated the statute, there would remain a question of whether the statute's provisions were a condition of his probation, because no copy of his conditions of probation was ever introduced by the State.

The State responds that the legislature's intent with respect to the statute was obviously "to keep dangerous sex offenders from assuming authority or caretaking positions with children." Therefore, it claims, the circuit court did not err in finding that a sex offender ₅working at a daycare center installing doors and baseboards while children were present was violative of the statute. It further avers that a preponderance of the evidence exists to support the circuit court's finding of a probation violation.

■ We have held that to revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of probation or suspended sentence by a preponderance of the evidence. *See Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002); *see also* Ark.Code Ann. § 5–4–309(d) (Repl.2006). On appellate review, the circuit court's findings will be upheld unless they are clearly against a preponderance of the evidence. *See Bradley, supra.* Here, the circuit court found that, by violating section 5–14–129(a), Newman violated a condition of his probation.

■ The question presented to this court is whether Newman's carpentry work in a daycare violated section 5–14–129(a), and it requires us to interpret the statute. This court reviews issues of statutory interpretation de novo, as it is for this court to decide the meaning of a statute. *See Singleton v. State*, 2009 Ark. 594, 357 S.W.3d 891. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *See id.* We also

adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *See id.* We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *See id.* Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *See id.*

Section 5–14–129 provides:

(a) It is unlawful for a sex offender who is required to register under the Sex Offender Registration Act of 1997, § 12–12–901 et seq., and who has been assessed as a Level 3 or Level 4 offender to engage in an occupation or participate in a volunteer position that requires the sex offender to work or interact primarily and directly with a child under sixteen (16) years of age.

(b) A sex offender who is required to register under the Sex Offender Registration Act of 1997, § 12–12–901 et seq., and who knowingly violates this section is guilty of a Class D felony.

The plain language of the statute prohibited Newman from working or volunteering in a position that required him to "work or interact *primarily and directly* with a child under sixteen." Ark.Code Ann. § 5–14–129(a) (emphasis added). "Primarily" is defined as "first of all" or "in the first place." *Webster's Third New Int'l Dictionary* 1800 (2002). "Directly" means "[i]n a straightforward manner," "[i]n a straight

line or course," or "[i]mmediately." *Black's Law Dictionary* 527 (9th ed.2009). Thus, giving the words their ordinary and usually accepted meaning, the statute precluded Newman from working or volunteering in a position that required him to work or interact "in the first place" and "in a straightforward manner" with children under the age of sixteen.

Here, the sole evidence presented to the circuit court demonstrated that Newman's work at the daycare consisted of putting up baseboards and doors. Such carpentry work was in no way work or interaction "in the first place" and "in a straightforward manner" with children under sixteen. While the State urges that Newman's carpentry work "virtually guarantees interaction with the preschool-aged children," the record simply fails to reflect any evidence to support the State's proposition.[2]

As previously stated, the plain language of the statute, as it is currently written, does not apply to Newman's conduct. Therefore, we hold that the circuit court's finding that Newman violated a condition of his probation, namely section 5–14–129(a), was clearly against the preponderance of the evidence, and we reverse Newman's conviction and sentence and remand.

Reversed and remanded; court of appeals' opinion vacated.

GUNTER, J., concurs.

JIM GUNTER, Justice, concurring.

While I agree with the majority that the record fails to reflect any evidence to show that Newman worked primarily and directly with children, I write separately to point out to the Arkansas General Assembly

---

**2.** In the alternative, the State urges that Newman's appeal has no merit because the revocation was supported by Newman's nonpayment of his fees and fines. However, as the State concedes, the nonpayment of fines and fees was not specifically stated as a ground used by the circuit court in support of its ruling. We therefore decline the State's invitation to affirm Newman's conviction and sentence on that basis.

that the plain language of this statute, as interpreted by the majority, permits Level 3 and 4 sex offenders to work in daycare centers and schools where children are present. The plain language of the statute prohibits sex offenders from working primarily and directly with children, but does not address the situation, as we have here, where a Level 4 sex offender works in an environment |₈where children are present, indeed in an environment where children are "captive." The fact that Newman was a contractor and not a staff member is little solace to parents who fear for their vulnerable offspring.