2012 Ark. App. 327

**Rodney Dean ARTER, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–959.**

Court of Appeals of Arkansas.

May 9, 2012.

David L. Dunagin, Fort Smith, for Appellant.

Dustin McDaniel, Atty. Gen., Brad Newman, Asst. Atty. Gen., for Appellee.

ROBERT J. GLADWIN, Judge.

Appellant Rodney Dean Arter's suspended imposition of sentence was revoked in Crawford County Circuit Court on June 27, 2011, and he was sentenced to a seventy-two month concurrent term of imprisonment for felony possession of marijuana and misdemeanor fleeing and was not sentenced on his misdemeanor criminal-mischief conviction. The question presented on appeal is whether the trial court retained jurisdiction to revoke appellant's suspended sentence. We hold that the trial court retained jurisdiction and affirm appellant's revocation on the felony-possession charge; however, we reverse the revocation on the misdemeanor-fleeing charge.

On February 12, 2003, appellant pled guilty to the offenses of felony possession of marijuana, misdemeanor fleeing, and second-degree criminal mischief, a misdemeanor. He was given a thirty-six-month suspended imposition of sentence on the marijuana charge; thirty days in the county jail for fleeing; and ten days in the county jail for criminal mischief. The judgment and commitment order filed February 26, 2003, states under each charge that special conditions of confinement are attached and contains an order to pay restitution of $300 in two monthly installments of $150, among other things.

On January 3, 2011, the State filed a petition to revoke appellant's suspended sentence based solely on his failure to pay the restitution. At the beginning of the revocation hearing, appellant conceded that the trial court retained jurisdiction over him based on his failure to pay the restitution under Arkansas Code Annotated section 5–4–303(h)(2) (Supp.2001). He argued, however, that because restitution was ordered only for the misdemeanor-criminal-mischief charge, and not for the felony-possession-of-marijuana charge, he could be sentenced to no more than one year in the county jail upon revocation of his suspended sentence. In contrast, the prosecutor argued that appellant was subject to a sentence of up to six years in the Arkansas Department of Correction based on his conviction for felony-possession-of-marijuana.

At the hearing, Lisa Whetstine, restitution coordinator for the prosecutor's office, testified that appellant was ordered to pay restitution of $300. She testified that the specific items for which the restitution was ordered were $100 to Deputy Parrish for a uniform, $100 for a body microphone, and $100 for damage to a privacy fence. The payment ledger she kept showed that appellant had made no payments since March 12, 2003, the date his first payment was due, even though he had been sent letters over the years to remind him of his obligation.

At the end of the hearing, the trial court directed the prosecutor and defense counsel to submit letters explaining their respective views on the sentencing issue. In his letter, appellant's attorney cited *Owens v. State*, 2009 Ark. App. 532, 337 S.W.3d 527, where this court held that failing to register as a sex offender was not a crime with which any victim was associated and, thus, not a crime for which restitution could be ordered. Because Owens had not been lawfully ordered to pay restitution for failing to register, this court held that the trial court lacked jurisdiction to revoke his suspended sentence under Arkansas Code Annotated section 5–4–303(h)(2) (Supp.2001),[1] which provides for

---

1. This section was moved to Arkansas Code Annotated section 16–93–311 (Supp.2011) by

continued jurisdiction beyond the end of a probationary period when the probation is conditioned upon restitution. *Id.*

Applying *Owens*, appellant argued that he had not been ordered to pay restitution for possession of marijuana and, as that crime was the only one for which he had been given a suspended imposition of sentence, the trial court lacked jurisdiction to revoke his sentence for criminal mischief on the basis that he had not paid restitution. Appellant conceded, however, that he was subject to being jailed for up to thirty days because, pursuant to Arkansas Code Annotated section 16–10–108(a)(3), (b)(1) (Repl.2010), a person who willfully disobeys a court order can be held in contempt and sentenced for a Class C misdemeanor. The prosecutor argued that appellant received a suspended imposition of sentence on all charges, conditioned on his paying restitution, and that he was subject to a sentence of up to six years. The prosecutor argued that "the charges are all related, happened at the same time, and happened in a single scheme or plan."

Without explanation, the trial court entered a judgment and commitment order on June 27, 2011, sentencing appellant to a term of seventy-two months in the Arkansas ₄Department of Correction for both possession of marijuana and fleeing, but entered no sentence for criminal mischief. This appeal is from that order.

 A court may revoke a defendant's suspended sentence only if the State proves by a preponderance of the evidence that the defendant failed to comply with the conditions. *Jones v. State*, 355 Ark. 630, 144 S.W.3d 254 (2004). On appellate review, the trial court's findings are upheld unless they are clearly against a preponderance of the evidence. *Richardson v.*

*State*, 85 Ark.App. 347, 157 S.W.3d 536 (2004).

If the court places a defendant on probation conditioned upon his making restitution, and the defendant has not satisfactorily made all of his payments when the probationary period has ended, the court may continue to assert jurisdiction over the recalcitrant defendant and either extend the probationary period as the court deems necessary or revoke the defendant's suspended sentence. Ark.Code Ann. § 16–93–311.

 Appellant first contends that the trial court did not have jurisdiction to revoke the suspended imposition of sentence on appellant's felony conviction because the restitution ordered was applicable only to the misdemeanor conviction of criminal mischief. The trial court can retain jurisdiction beyond the three-year suspended sentence under Arkansas Code Annotated section 16–93–311, when restitution is ordered but not paid. Appellant had received a three-year suspended imposition of sentence on the felony conviction of possession of marijuana. Thus, he argues that, by the time the revocation petition was filed, the trial court had lost jurisdiction to revoke on the felony conviction because the restitution was not connected to the felony, but to the criminal-mischief charge. He contends, therefore, that continued jurisdiction would apply only to the criminal-mischief charge.

₅Appellant claims that, pursuant to *Owens, supra,* his marijuana-possession conviction would be victimless and, thus, not subject to restitution. Arkansas Code Annotated section 5–4–101(4)(A) (Repl.2006) provides that "restitution" means the act of making good or giving equivalent value for any loss, damage, or injury. At the hearing, the restitution coordinator testi-

fied that the restitution ordered was for a deputy's uniform, a body microphone, and a privacy fence. Appellant argues that none of these have a connection to the charge of marijuana possession. He concludes that, by the time the revocation petition was filed in March 2011, the time to revoke had expired.

We hold that the trial court was entitled to sentence appellant to six years' imprisonment because the restitution was based on damage appellant caused during the same criminal episode involving his felony-possession charge. Arkansas Code Annotated section 5–4–303(c)(8) (Supp.2001) provides that, upon suspending imposition of a sentence, the court may require that the defendant "[m]ake restitution to an aggrieved party in an amount the defendant can afford to pay for the actual loss or damage caused by his or her offense[.]" Arkansas Code Annotated section 5–4–205 (Supp.2001) provides for an award of restitution to victims who have suffered economic loss. Section 5–4–205(c)(1) defines "victim," for purposes of restitution, as any person, partnership, corporation, or governmental entity or agency that suffers property damage or loss, monetary expenses, or physical injury as a direct or indirect result of the defendant's offense or criminal episode. The Arkansas Supreme Court has held that the terms "victim" in section 5–4–205 and "aggrieved party" in section 5–4–303(c)(8) mean the same thing; that is, an "aggrieved party" is a "victim." E.g., Singleton v. State, 2009 Ark. 594, 357 S.W.3d 891. In Owens, supra, this court held that restitution cannot be awarded when the crime at issue is one that does not have a victim. Id.

The State contends that restitution was ordered based on damage appellant caused arising from the criminal-mischief charge. The restitution was ordered to reimburse a victim or victims for a damaged uniform, a damaged microphone, and a damaged fence. Appellant was convicted of that crime as a Class C misdemeanor and sentenced to a jail term of ten days. The State claims that the conditions of his suspended sentence for possession of marijuana, to which appellant made no objection, show that appellant was ordered to pay restitution of $300. The State maintains that, while possession of marijuana is not a crime that involves a victim and, thus, one for which restitution cannot be ordered in and of itself, the marijuana charge, fleeing charge, and criminal-mischief charge all arose from the same criminal episode.

Appellant was charged with fleeing to avoid arrest for possession of marijuana and causing property damage while fleeing. Therefore, pursuant to section 5–4–205(c)(1), appellant was ordered to pay restitution for the damage he caused during the course of the criminal episode. This case is in contrast to Owens, supra, on which appellant relies, because that case involved only a single, victimless crime, and not, as here, an episode that included both victimless crimes and a crime that resulted in property damage for which restitution could be ordered. Accordingly, we affirm appellant's revocation, holding that the trial court retained jurisdiction due to appellant's failure to pay restitution.

The State concedes appellant's second point on appeal[2]—the trial court entered an illegal sentence by sentencing appellant to seventy-two-months' imprison-

2. Appellant misstates in his argument that he was sentenced to seventy-two months for criminal mischief, when the judgment and commitment order reflects that he was sentenced to seventy-two months for fleeing.

ment on a misdemeanor.[3] However, the State's concession and prayer for modification of sentencing rather than remand cannot be granted, as the trial court had no authority to revoke on the fleeing charge because that conviction did not carry a suspended imposition of sentence. Even though appellant was ordered to pay restitution on the criminal episode that included all three convictions, he was only given a suspended imposition of sentence on the marijuana-possession conviction. Appellant's fleeing conviction resulted in a thirty-day, county-jail confinement with no suspended sentence; thus, the trial court could not revoke a suspended sentence that had never been imposed. *See* Ark. Code Ann. § 16–93–311. Accordingly, appellant's conviction for misdemeanor fleeing is reversed.

Affirmed in part; reversed in part.

ABRAMSON, J., agrees.

VAUGHT, C.J., concurs.

VAUGHT, C.J., concurring.

I concur in the decision of the majority, but write separately to comment on my concern that the sentence in this case appears excessive under these facts and constitutes a misuse of State resources. As related in the majority opinion, appellant pled guilty to felony possession-of marijuana, misdemeanor fleeing, and misdemeanor criminal mischief in the second degree. He was sentenced to three years' suspended imposition of sentence (SIS) on the felony and was given jail time (no SIS) for the two misdemeanors. The judgment does not specifically indicate, but he was also required to pay $300 restitution on the criminal-mischief charge. This all occurred in 2003.

Although the evidence submitted at trial indicated that appellant had not paid his fines and restitution, had received other criminal charges and had, in fact, served time in the Department of Correction, no petition to revoke was filed for eight years. Everyone agrees that the three years SIS on the felony has long run and that the trial court only had jurisdiction to revoke based on the restitution and the provision in Ark.Code Ann. § 5–4–205(c)(1) (Supp. 2001), which defines "victim" as a victim of the offense or the "criminal episode." Without the restitution there is nothing to revoke, and without the felony the most a court could impose would be a $300 judgment and thirty days in jail.

According to his testimony, appellant is now employed and making payments to another court. While this is no excuse for not making the restitution payment in this case, it does indicate that little is to be gained by giving him the maximum sentence of six years' imprisonment for failing to pay $300, especially when this could have been done eight years ago and in conjunction with other prison time he was already serving. The appellant's arguments are compelling, but the trial judge was within his authority to make the decision that he made. I just think this is a case of overkill in a time when we are concerned about overcrowding in the prisons and alternatives to incarceration for non-violent offenders.

---

**3.** Arkansas Code Annotated section 5–54–125(c)(2) (Supp.2011) provides that, if property damage occurs as a direct result of fleeing on foot, the offense is a Class A misdemeanor.

The sentence for a Class A misdemeanor should not exceed one year. Ark.Code Ann. § 5–4–401(b)(1) (Repl.2006).