SLIP OPINION

Cite as 2017 Ark. 252

# SUPREME COURT OF ARKANSAS

No. CR-17-94

| | |
|---|---|
| | **Opinion Delivered:** September 21, 2017 |
| STATE OF ARKANSAS | |
| APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| V. | [NO. 30CR-16-124] |
| BENJAMIN WARD LEDWELL | HONORABLE CHRIS E WILLIAMS, |
| APPELLEE | JUDGE |
| | |
| | <u>REVERSED AND REMANDED</u>. |

**COURTNEY HUDSON GOODSON, Associate Justice**

The State of Arkansas brings this interlocutory appeal from the Hot Spring County Circuit Court's order dismissing the misdemeanor negligent-homicide charges against appellee Benjamin Ward Ledwell due to the expiration of the one-year statute of limitations. For reversal, the State argues that the circuit court erred in its interpretation of Arkansas Code Annotated section 5-1-109(f) (Supp. 2015). We reverse and remand.

On May 12, 2016, Arkansas State Police Special Agent Jimmie Thomas II, prepared an application for an arrest warrant for Ledwell. The affidavit alleged that, on May 19, 2015, Ledwell had committed four counts of negligent homicide, a Class A misdemeanor, when the vehicle he was driving crossed over the center line of Arkansas Highway 7 and hit another vehicle head-on, causing the death of all four occupants in the vehicle. The affidavit further stated that a blood sample obtained from Ledwell shortly after the accident



had tested positive for benzodiazepines and that Xanax and hydrocodone/acetaminophen tablets were found inside his sock.

Based on the information contained in the affidavit, on May 13, 2016, the Hot Spring County Circuit Court found probable cause to support the negligent homicide charges, and the circuit court clerk issued a bench warrant for Ledwell on May 16, 2016. The warrant was served on June 2, 2016, when Ledwell voluntarily surrendered to police custody, and on June 6, 2016, the criminal information was filed charging him with four counts of negligent homicide.

Ledwell filed a motion to dismiss the charges on October 14, 2016, arguing that the prosecution was not commenced within the applicable one-year statute of limitations. At the November 10, 2016 hearing on the motion, Ledwell specifically contended that because the criminal information had not been filed until June 6, 2016, which was more than one year after the accident had occurred, the statute of limitations had expired on the misdemeanor offenses pursuant to Arkansas Code Annotated section 5-1-109(b)(3)(A). In response, the State asserted that the arrest warrant had been issued on May 16, 2016, within the one-year statute of limitations. The State also presented the testimony of the Hot Spring County Circuit Court clerk, who indicated that it was her practice to issue an arrest warrant after the prosecutor's office had presented a criminal information and probable-cause affidavit. A case file with these documents would then be created once the arrest warrant had been returned. Because the arrest warrant had been issued based on the criminal information and affidavit, and the warrant was issued within one year of the accident, the State argued that the prosecution had been timely commenced in accordance with Arkansas

SLIP OPINION

Code Annotated section 5-1-109(f). The State asserted that there was no requirement in this subsection that the criminal information or other supporting documentation be filed in order for the prosecution to have "commenced."

Following posthearing briefing, the circuit court entered an order on November 29, 2016, granting Ledwell's motion to dismiss. The court found that the charging documents in this case had not been filed until June 6, 2016, and that the statute of limitations for the prosecution of the misdemeanor charges had expired by that date. The State timely appealed the circuit court's order of dismissal on December 8, 2016.

As a threshold matter, we must first decide if we have jurisdiction to hear the State's appeal in this case. Unlike that of a criminal defendant, the State's right to appeal is limited to the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635. Pursuant to Rule 3(d), we will not consider an appeal by the State unless the correct and uniform administration of the criminal law requires review by this court. Ark. R. App. P.–Crim. 3(d). In addition, we review only State appeals that are narrow in scope and that involve the interpretation, not the application, of a criminal rule or statutory provision. *State v. Jenkins*, 2011 Ark. 2; *State v. Pittman*, 360 Ark. 273, 200 S.W.3d 893 (2005). State appeals that merely demonstrate that the circuit court erred are not permitted. *Jenkins*, *supra*.

As the State contends, the issue presented in this appeal is whether the circuit court erred in its interpretation of Arkansas Code Annotated section 5-1-109(f). Because this is an issue of first impression involving statutory interpretation, our decision will have widespread application and is necessary for the correct and uniform administration of the

SLIP OPINION

criminal law. Accordingly, jurisdiction of this appeal is properly in this court. *See, e.g.,* *State v. Coble*, 2016 Ark. 114, 487 S.W.3d 370 (accepting State appeal involving interpretation of Ark. Code Ann. § 5-14-110(a)(4)(C)).

We review issues of statutory interpretation de novo, as it is for this court to decide the meaning of a statute. *Newman v. State*, 2011 Ark. 112, 380 S.W.3d 395. Criminal statutes are construed strictly, and any doubts are resolved in favor of the defendant. *Id.* The primary rule of statutory interpretation is to give effect to the intent of the legislature. *Id.* We first construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language; if the language of the statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.*

Pursuant to Arkansas Code Annotated section 5-1-109(b)(3)(A), prosecution of a misdemeanor offense must be commenced within one year of the commission of the offense. "A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument if the arrest warrant or other process is sought to be executed without unreasonable delay." Ark. Code Ann. § 5-1-109(f). The Original Commentary to section 5-1-109 explained that "other charging instrument" was "intended to encompass affidavit complaints, citations, summons, and similar instruments which are presently or may hereafter be employed in non–felony prosecutions." Original Commentary to Ark. Code Ann. § 5-1-109 (Repl. 1995).

The circuit court in this case interpreted subsection (f) to require that an indictment, information, or other charging instrument be filed in order to commence a misdemeanor

prosecution, regardless of whether an arrest warrant based on that charging instrument had been issued prior to the expiration of the limitations period. In reaching this decision, the circuit court cited Administrative Order No. 2(a), which provides that "[a]ll papers filed with the clerk . . . . shall be noted chronologically in the dockets and filed in the folio assigned to the action and shall be marked with its file number," and it also cited Administrative Order No. 2(b), which states that a judgment, decree, or order is "entered" when stamped or otherwise marked by the date and time and the word "filed." Ark. Sup. Ct. Admin. Order No. 2(a), (b). In addition, the circuit court referred to our decision in *Halfacre v. Kelley*, 2016 Ark. 171 (per curiam), wherein we emphasized a clerk's duty to file-mark orders in accordance with Administrative Order No. 2(b).

As the State argues, however, this authority is not relevant to the question whether a misdemeanor prosecution has been commenced under Arkansas Code Annotated section 5-1-109(f). The plain and unambiguous language in this subsection states that a prosecution commences when an arrest warrant is issued based on a criminal information or other charging instrument. There is no requirement in this statute that the charging instrument be filed of record within the one-year-limitations period. Further, this interpretation is consistent with the Original Commentary and the 1988 Supplemental Commentary to section 5-1-109, both of which indicate that subsection (f) changed pre-Code law by providing that a prosecution commences with the issuance of an arrest warrant rather than the filing of criminal charges. Original Commentary & 1988 Supp. Commentary to Ark. Code Ann. § 5-1-09 (Repl. 1995). *See also Clark v. State*, 2012 Ark. App. 496, 423 S.W.3d

122 (holding that a prosecution for a misdemeanor offense began on the date the arrest warrant was issued, not on the date the warrant was filed with the clerk).

Accordingly, we agree with the State that the circuit court erred in its interpretation of section 5-1-109(f) and in concluding that the prosecution in this case had not commenced within the applicable limitations period.[1]  Because the circuit court erred by granting Ledwell's motion to dismiss, we reverse and remand for further proceedings.

Reversed and remanded.

*Leslie Rutledge*, Att'y Gen., by:  *Adam Jackson*, Ass't Att'y Gen., for appellant.

*John Wesley Hall* and *Sarah M. Pourhosseini*; and *Crisp & Freeze*, by  *J. David Crisp*, for appellee.

---

[1] While Ledwell argues that no documents were filed of record in this case until after the statute of limitations had expired and that he therefore did not receive proper notice of the prosecution, section 5-1-109(f) is concerned only with whether a prosecution has been timely commenced.  Ledwell does not dispute that the arrest warrant was issued prior to the expiration of the statute of limitations, nor does he contend that the criminal information and other charging documents filed subsequent to his arrest were insufficient to give him notice of the charges against him.