

# SUPREME COURT OF ARKANSAS

No. CV-12-914

| | |
|---|---|
| WILLIE GASTER DAVIS, JR. | Opinion Delivered June 26, 2014 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE DESHA |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 21CV-12-92] |
| | |
| THOMAS DEEN, PROSECUTING | HONORABLE SAM POPE, JUDGE |
| ATTORNEY | |
| APPELLEE | REVERSED AND REMANDED. |

## PER CURIAM

Appellant Willie Gaster Davis, Jr., appeals an order of the Desha County Circuit Court dismissing his pro se petition for writ of mandamus against Thomas Deen, prosecuting attorney, or in the alternative, for an order directing the Arkansas State Crime Laboratory to provide him with certain records pertaining to his criminal case.

In 2010, Davis submitted a request pursuant to Arkansas's Freedom of Information Act ("FOIA" or the "Act"), codified at Arkansas Code Annotated sections 25-19-101 to -110 (Repl. 2009), to Richard Gallagher, Custodian of Records for the crime lab. In the FOIA request, Davis asked that Gallagher produce documentation of testing performed on hairs that were recovered from the body of the victim in his criminal case.[1] In response to Davis's request for information, Gallagher sent a letter to Davis advising him that the prosecuting attorney must

---

[1] In 1996, Davis was found guilty by a jury in the Desha County Circuit Court of first-degree murder, robbery, theft of property, and false imprisonment, and he was sentenced to a term of life imprisonment. This court affirmed. *Davis v. State*, 330 Ark. 76, 953 S.W.2d 559 (1997).


SLIP OPINION

give permission for release of the information pursuant to Arkansas Code Annotated section 12-12-312 (Repl. 2003). Davis then sent two letters to the prosecuting attorney requesting that he permit Gallagher to release the requested information. Deen did not respond.

In 2012, Davis filed a petition for writ of mandamus against Deen asking that the circuit court issue an order directing Deen to give the crime lab permission to release the requested information or, in the alternative, enter an order directing the crime lab to provide the requested information. The circuit court dismissed Davis's petition stating as grounds that Davis failed to establish that he had a legal right to the requested information and that Deen's duty to release crime-lab records was discretionary.

On appeal, Davis contends that he has a legal right to the requested information and that Deen's duty to release the requested information is ministerial. Because we find merit in Davis's request for alternative relief, we do not address his argument that Deen's duty was ministerial rather than discretionary.

While Arkansas Code Annotated section 12-12-312(a)(1)(A)(ii) states that "information shall be released only under and by the direction of a court of competent jurisdiction, the prosecuting attorney having criminal jurisdiction over the case, or the public defender appointed or assigned to the case," the statute also states in subsection (a)(1)(B)(i) that nothing in the section is to "diminish the right of a defendant or his or her attorney to full access to all records pertaining to the case." Thus, the duty of the circuit court, prosecuting attorney, and public defender to grant permission to release information is discretionary as it relates to releasing information to the public; however, the statute is clear that a defendant has a right to access all

SLIP OPINION

records pertaining to his case. The language of the statute also mandates that "[t]he laboratory *shall disclose* to a defendant or his or her attorney all evidence in the defendant's case that is kept, obtained, or retained by the laboratory." Ark. Code Ann. § 12-12-312(a)(1)(B)(ii) (emphasis added). Therefore, we reverse and remand this case to the circuit court for entry of an order pursuant to Arkansas Code Annotated section 12-12-312 directing the crime lab to release the requested information to Davis.

Reversed and remanded for an order consistent with this opinion.

*Willie Gaster Davis, Jr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.