SLIP OPINION

Cite as 2015 Ark. 19

# SUPREME COURT OF ARKANSAS

No. CV-13-708

| | |
|---|---|
| JESSIE HILL<br><br>                      APPELLANT<br><br>V.<br><br><br>RICHARD J. GALLAGHER,<br>CUSTODIAN OF RECORDS,<br>ARKANSAS STATE CRIME<br>LABORATORY<br>                      APPELLEE | **Opinion Delivered** January 22, 2015<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT AND PRO SE MOTION FOR<br>DEFAULT JUDGMENT<br>[NO. 35CV-13-89]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>REVERSED AND REMANDED;<br>MOTION MOOT. |

## PER CURIAM

Appellant Jessie Hill filed a motion in the Jefferson County Circuit Court for a hearing on the denial of a request that he had made under the Freedom of Information Act ("FOIA") to the Arkansas State Crime Laboratory. On the same date, he filed a petition to proceed in forma pauperis in the matter. The circuit court initially granted the petition to proceed as a pauper by an order entered on February 15, 2013. Then, on May 20, 2013, the court entered an order that set aside the order granting appellant's petition to proceed in forma pauperis and dismissed the complaint. The court based the dismissal on Arkansas Code Annotated section 16-68-607 (Repl. 2005), listing three previous actions dismissed as "strikes" under the statute. Appellant filed a timely motion for reconsideration. The circuit court denied the motion for reconsideration as well, and appellant lodged in this court an appeal of the orders dismissing the complaint and denying his motion for reconsideration. In addition to the instant appeal,

SLIP OPINION

appellant has filed with this court a motion for default judgment. We reverse the circuit court's order dismissing appellant's complaint and remand. Because we do so, appellant's motion for default judgment is moot.

Appellant's brief largely focuses on the merits of his complaint that sought a hearing on the FOIA requests, rather than on the ruling in the circuit court's order that his complaint should be dismissed under the three-strike rule. Even so, he alleges that the circuit court misidentified him as having filed 35CV-09-1202, and that the circuit court did not enter an order in that case.

The circuit court did, in fact, list 35CV-09-1202 as one of the three cases that it relied on in determining that appellant had received three strikes. The public records for that particular case list Jessie Lee Goins as the plaintiff. Because appellant was not the plaintiff who filed the complaint, the case should not have been counted as a strike against him. Accordingly, the circuit court did not set out in its order a basis to dismiss the complaint under the statute or set aside its previous order. We therefore reverse the order dismissing the complaint and remand to the circuit court for proceedings in accordance with this opinion. Because we reverse and remand, appellant's motion for default judgment is moot.

Reversed and remanded; motion moot.

*Jessie Hill*, pro se appellant.

No response.

2