SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CV-15-816

| | |
|---|---|
| JESSIE HILL<br><br>APPELLANT<br><br>V.<br><br>RICHARD H. GALLAGHER,<br>CUSTODIAN OF RECORDS<br>APPELLEE | **Opinion Delivered:** May 5, 2016<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [CV-2013-89-5]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>REVERSED AND REMANDED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Jessie Hill appeals from the order of the Jefferson County Circuit Court revoking his in forma pauperis status pursuant to Arkansas Code Annotated section 16-68-607 (Repl. 2005). Hill argues that the circuit court erred by (1) considering federal cases as "strikes" under the statute; and (2) concluding that he did not fall within the imminent-danger exception of the statute. We agree that the statute does not apply to dismissals in federal court and reverse and remand.

Before the circuit court, Hill sought to challenge a decision by appellee, Richard H. Gallagher, custodian of records for the Arkansas State Crime Laboratory, denying Hill's request for documents related to his criminal case under the Freedom of Information Act (FOIA). Gallagher stated that he denied the request because Hill is an inmate incarcerated in the Arkansas Department of Correction citing to Arkansas Code Annotated section 25-

19-105(a)(1)(B)(i) (Supp. 2015).[1]  Following Gallagher's denial, Hill sought a hearing before the circuit court and simultaneously filed a petition to proceed in forma pauperis.  The circuit court initially granted the petition on February 15, 2013, but later set aside the order on May 20, 2013, finding that Hill was ineligible for in forma pauperis status because, while incarcerated, he had previously brought three frivolous civil actions.  Hill appealed, and this court reversed and remanded, noting that one of the cases cited by the circuit court did not include Hill as a party.  *Hill v. State*, 2015 Ark. 19 (per curiam).

On remand, the circuit court entered an order reinstating Hill's status as a pauper, but Gallagher filed a motion to revoke Hill's pauper status and dismiss the case, asserting that, in addition to the two remaining cases listed in the court's previous order, Hill had also filed three federal lawsuits that should be counted as strikes under Arkansas Code Annotated section 16-68-607.  On July 15, 2015, the circuit court entered an order revoking Hill's pauper status and dismissing the case without prejudice.  Hill filed a timely notice of appeal and a petition to proceed as a pauper on appeal, which the circuit court granted.

On appeal, Hill raises three arguments.  First, he contends that the circuit court improperly considered federal cases as strikes because those cases were not actions in an Arkansas court.  Second, he argues that because the federal cases were habeas in nature, they should not count as strikes under the statute.  Finally, he asserts that his case falls within the statutory exception for cases involving imminent danger of serious physical injury.

---

[1] We have previously held that a criminal defendant has a right to access all records pertaining to his case.  *Davis v. Deen*, 2014 Ark. 313, 437 S.W.3d 694 (per curiam).  However, this appeal involves only the revocation of Hill's in forma pauperis status.

For his first point, Hill argues that the circuit court erred in finding that lawsuits filed in the federal district court counted as "strikes" under Arkansas Code Annotated section 16-68-607. That provision states,

> In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

Ark. Code Ann. § 16-68-607. Hill argues that this provision is limited to actions filed in Arkansas courts. This is an issue of statutory interpretation, which we review de novo, as it is for this court to decide the meaning of a statute. *Stivers v. State*, 354 Ark. 140, 118 S.W.3d 558 (2003). We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Singleton v. State*, 2009 Ark. 594, 357 S.W.3d 891. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.*

Although the statutory language in section 16-68-607 does not expressly indicate whether cases filed in federal court count as strikes under the statute, guidance can be gleaned from the surrounding sections of the code, which expressly limit their application to Arkansas courts. For example, section 16-55-101 provides, "This code shall be known as the 'Code of Practice in Civil Cases' *in this state*." Ark. Code Ann. § 16-55-101 (Repl. 2005) (emphasis added). Additionally, section 16-55-103 provides that the code "shall

regulate the procedure in all civil actions and proceedings in the courts *of this state*." Ark. Code Ann. § 16-55-103(a) (emphasis added). Because the application of the code is limited to Arkansas courts and section 16-68-607 is contained within that code, we hold that the circuit court erred in counting as strikes cases Hill filed in federal district court. As we reverse and remand on this issue, we need not address Hill's remaining arguments.

Reversed and remanded.

BAKER and HART, JJ., concur.

**KAREN R. BAKER, Justice, concurring.** I agree with the majority's decision and join it; however, I write separately to point out that Gallagher and the Arkansas State Crime Laboratory Board ("Board") have acted in direct contravention of this court's interpretation of Arkansas Code Annotated section 12-12-312 in *Davis v. Deen*, 2014 Ark. 313, 437 S.W.3d 694 (per curiam).

In *Davis*, as in the present case, Davis submitted a request to Gallagher pursuant to Arkansas's Freedom of Information Act ("FOIA") seeking records pertaining to his criminal case. In denying Davis's request, Gallagher advised Davis that the prosecuting attorney must give permission for release of the information pursuant to Arkansas Code Annotated section 12-12-312. Davis appealed the circuit court's order dismissing his petition for writ of mandamus against the prosecuting attorney, or in the alternative, for an order directing the Arkansas State Crime Laboratory to provide him with records related to his criminal case. On appeal, we determined that Davis had a legal right to his requested information and further explained:

> While Arkansas Code Annotated section 12–12–312(a)(1)(A)(ii) states that "information shall be released only under and by the direction of a court of competent jurisdiction, the prosecuting attorney having criminal jurisdiction over the case, or the public defender appointed or assigned to the case," the statute also states in subsection (a)(1)(B)(i) that nothing in the section is to "diminish the right of a defendant or his or her attorney to full access to all records pertaining to the case." Thus, the duty of the circuit court, prosecuting attorney, and public defender to grant permission to release information is discretionary as it relates to releasing information to the public; however, the statute is clear that a defendant has a right to access all records pertaining to his case. The language of the statute also mandates that "[t]he laboratory *shall disclose* to a defendant or his or her attorney all evidence in the defendant's case that is kept, obtained, or retained by the laboratory." Ark. Code Ann. § 12-12-312(a)(1)(B)(ii) (emphasis added).

*Davis*, 2014 Ark. 313, at 2–3, 437 S.W.3d 694, 695. Thus, we reversed and remanded Davis's case to the circuit court for an entry of an order pursuant to Arkansas Code Annotated section 12-12-312 directing the Arkansas State Crime Laboratory to release the requested information to Davis.

Turning to the present case, the record contains several letters from Gallagher issued in response to Hill's FOIA request. In the January 29, 2015 letter, like in *Davis*, Gallagher denied Hill's request pursuant to Arkansas Code Annotated section 12-12-312. In the February 4, 2015 letter, apparently in response to Hill's January 31, 2015 letter, Gallagher explained that he did not misconstrue Arkansas Code Annotated section 12-12-312.[1] Additionally, Gallagher enclosed a copy of the Board's October 13, 2014 declaratory order issued in response to another incarcerated individual's FOIA request.[2] The declaratory order states in pertinent part as follows:

12. [T]he Board finds that Ark. Code Ann. § 12-12-312(a)(1)(A)(ii) governs the "release" of "[t]he records, files, and information" kept, obtained, or retained by the

---

[1] In the February 4, 2015 letter to Hill, Gallagher also wrote:

I believe it plainly states that the records, files and information kept, obtained or retained by the Arkansas State Crime Laboratory in connection with a crime are privileged and confidential and can only be released at the direction of a court, a prosecutor or a public defender. I do not believe your letter is a court order and I do not have an authorization from a prosecutor to release their records, files or information, you have requested.

Furthermore, it is my understanding you are now a convict and no longer a defendant.

[2] The declaratory order is captioned "IN THE MATTER OF RANDALL MCARTY, ADC #101565."

State Crime Lab in cases where the cause and manner of a victim's death are criminal in nature. Pursuant to the ordinary and accepted meaning of the words employed in Ark. Code Ann. § 12-12-312(a)(1)(A)(ii), "[t]he records, files, and information shall be *released only* under and by the direction of a court of competent jurisdiction, the prosecuting attorney having criminal jurisdiction over the case, or the public defender appointed or assigned to the case." (emphasis added). As used therein, the adverb "only," taken in its usual sense, qualifies the verb "released" and excludes any release of "[t]he records, files and information" of the Arkansas State Crime Lab unless it is at "the direction of a court of competent jurisdiction, the prosecuting attorney having criminal jurisdiction over the case, or the public defender appointed or assigned to the case." The term "shall be," preceding the phrase "released only," indicates the legislature has mandated the State Crime Lab to comply with this restriction (as opposed to the term "may be," which would have indicated statutory permission to exercise discretion and choose an alternate course). *See Hattison v. State*, 324 Ark. 317, 920 S.W.2d 849 (1996); *Klinger v. City of Fayetteville*, 293 Ark. 128, 732 S.W.2d 859 (1987).

13. Furthermore, the Board finds that Ark. Code Ann. § 12-12-312(a)(1)(B)(i) does not govern the release of records. It does not reference or offer any standard for the "release" of the records, files, or information of the State Crime Lab. Its subject is not the release of records, but *access* to records. The ordinary and accepted meanings of the words employed in Ark. Code Ann. § 12-12-312(a)(1)(B)(i) do not grant or extend any right of access to anyone, instead they merely explain that the statute does "not *diminish*" whatever right a "defendant or his or her attorney" may have to full access to all records pertaining to his or her case. The Board understands this to mean that the provisions of Ark. Code Ann. § 12-12-312 are not intended to lessen any existing right of access a "defendant" or his or her "attorney" may have under some other provision of the law. By the word "defendant," the Board understands a person who is defending against a criminal charge in a court of law. The Board does not understand it to apply generally to a person without regard to whether or not they are currently a defendant. The Board understands the word "attorney" as used in [Ark. Code] Ann. § 12-12-312(a)(1)(B)(i), to mean an attorney at law representing a defendant.

14. Additionally, the Board finds that Ark. Code Ann. § 12-12-312(a)(1)(B)(ii) does not reference or offer any standard for the "release" of the records, files, or information of the State Crime Lab. The subject of Ark. Code Ann. § 12-12-312(a)(1)(B)(ii) is not the release of records, but *disclosure* of the existence of evidence to a defendant or his or her attorney. The word "disclose" is ordinarily understood as denoting a revelation of facts, making something known. The Board finds that the disclosure of the existence of evidence is unambiguously distinct from releasing evidence. Furthermore, the Board finds that the duty to disclose the existence of

evidence under Ark. Code Ann. § 12-12-312(a)(1)(B)(ii) runs towards "a defendant or his or her attorney." As previously noted, by the word "defendant," the Board understands a person who is being sued or accused of a crime in a court of law. The Board does not understand it to apply to a person who is not a defendant.

While I recognize that Arkansas Code Annotated section 12-12-312(b) allows the Board to promulgate rules regarding the release of reports and information by the staff of the laboratory, the rules may not be contrary to law. Here, despite our holding in *Davis*, Gallagher denied Hill's request. This court's opinion in *Davis* was issued on June 26, 2014, and clearly provides an interpretation of the statute at issue. As explained above, we held that the duty of the circuit court, the prosecuting attorney, and the public defender to grant permission to release information is discretionary as it relates to the release of information to the public; however, a defendant has a right to access all records pertaining to his case. Further, pursuant to *Davis*, "[t]he laboratory *shall disclose* to a defendant or his or her attorney all evidence in the defendant's case that is kept, obtained, or retained by the laboratory." (Emphasis added.) Thus, the Board has violated Arkansas Code Annotated section 12-12-312(b) through the promulgation of rules contrary to law in its October 13, 2014 declaratory order.

Despite Gallagher's and the Board's evident disagreement with our decision in *Davis*, I take this opportunity to remind both Gallagher and the Board that it is for this court to decide what a statute means. *Wagner v. State*, 2010 Ark. 389, 368 S.W.3d 914 (citing *Maddox v. City of Fort Smith*, 369 Ark. 143, 251 S.W.3d 281 (2007)). Finally, this matter has now twice been before this court concerning Hill's status as a pauper, even though pursuant to our holding in *Davis* Hill is clearly entitled to the records pertaining to his case.

HART, J., joins.

*Jessie Hill*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jonathan Q. Warren*, Ass't Att'y Gen., for appellee.