COURTNEY HUDSON GOODSON, Associate Justice |, Appellant Jessie Hill appeals from the order of the Jefferson County Circuit Court revoking his in forma pauperis status pursuant to Arkansas Code Annotated section 16-68-607 (Repl. 2005). Hill argues that the circuit court erred by (1) considering federal cases as “strikes” under the statute; and (2) concluding that he did not fall within the imminent-danger exception of the statute. We agree that the statute does not apply to dismissals in federal court and reverse and remand. Before the circuit court, Hill sought to challenge a decision by appellee, Richard H. Gallagher, custodian of records for the Arkansas State Crime Laboratory, denying Hill’s request for documents related to his criminal case under the Freedom. of Information Act (FOIA). Gallagher stated that he denied the request because Hill is an inmate incarcerated in the Arkansas Department of Correction citing to Arkansas Code Annotated section 25-|¾19-105(a)(1)(B)(i) (Supp. 2015).[1] Following Gallagher’s^ denial, Hill sought a hearing before the circuit court and simultaneously filed a petition to proceed in forma pauper-is. The circuit court initially granted the petition on February 15, 2013, but later set aside the order on May 20, 2013, finding that Hill was ineligible for in forma pau-peris status because, while incarcerated, he had previously brought three frivolous civil actions. Hill appealed, and this court reversed and remanded, noting that one of the cases cited by the circuit court did not include Hill as a party. Hill v. State, 2015 Ark. 19, 2015 WL 314148 (per curiam). - On remand, the circuit court entered an order reinstating Hill’s status as a pauper, but Gallagher filed a motion to revoke Hill’s pauper status and dismiss the case, asserting that, in addition to the two remaining cases listed in the court’s previous order, Hill had also filed three federal lawsuits that should be counted as strikes under Arkansas Code Annotated section 16-68-607. On July 15, 2015, the circuit court entered an order revoking Hill’s pauper status and dismissing the case without prejudice. Hill filed a timely notice of appeal and a petition to proceed as a pauper on appeal, which the circuit court granted. On appeal, -Hill raises three arguments. First, he contends that the circuit court improperly ..considered, federal cases as strikes because those cases were not actions .in an Arkansas court. Second, he argues that because the federal cases were habeas in nature, they should not count as strikes under the statute. Finally, he asserts that his case .falls within the statutory exception for cases involving imminent danger of serious physical injury. | ¡¡For his first point, Hill argues that the circuit court erred in finding that lawsuits filed in the federal district court counted as “strikes” under Arkansas' Code Annotated section 16-68-607. That provision states, In no event shall an incarcerated person bring a civil action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury. Ark.Code Ann. § 16-68-607. Hill argues that this provision is limited to actions filed in Arkansas courts. This is an issue of statutory interpretation, which we review de novo, as it is for this court to decide the meaning of a statute. Stivers v. State, 354 Ark. 140, 118 S.W.3d 558 (2003). We construe the statute just as it reads, giving the words their ordinary and Usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. Singleton v. State, 2009 Ark. 594, 357 S.W.3d 891. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. Id. Although the statutory language in section 16-68-607 does not expressly indicate whether cases filed in federal court count as strikes under the statute, guidance can be gleaned from the surrounding sections of the code, which expressly limit their application to Arkansas courts. For example, section 16-55-101 provides, “This code shall be known as the ‘Code of Practice in Civil Cases’ in this state.” Ark. Code Ann. § 16-55-101 (Repl. 2005) (emphasis added). Additionally, section 16-55-103 provides that the code “shall Uregulate the procedure in all civil actions and proceedings in the courts of this state.” Ark.Code Ann. § 16-55-103(a) (emphasis added). Because the application of the code is limited to Arkansas courts and section 16-68-607 is contained within that code, we hold that the circuit court erred in counting as strikes cases Hill filed in federal district court. As we reverse and remand on this issue, we need not address Hill’s remaining arguments. Reversed and remanded. Baker and Hart, JJ., concur. . We have previously held that a criminal defendant has a right to access all records pertaining to his case. Davis v. Deen, 2014 Ark. 313, 437 S.W.3d 694 (per curiam), However, this appeal involves only the revocation of Hill’s in forma pauperis status.