Karen R. Baker, Justice, concurring. U agree with the majority’s decision and join it; however, I write separately to point out that Gallagher and the Arkansas State Crime Laboratory Board (“Board”) have acted in direct contravention of this court’s interpretation of Arkansas Code Annotated section 12-12-312 in Davis v. Deen, 2014 Ark. 313, 437 S.W.3d 694 (per curiam). In Davis, as in the present case, Davis submitted a request to Gallagher pursuant to Arkansas’s Freedom of Information Act (“FOIA”) seeking records pertaining to his criminal case. In denying Davis’s request, Gallagher advised Davis that the prosecuting attorney must give permission for release of the information pursuant to Arkansas Code Annotated section 12-12-312. Davis appealed the circuit court’s order dismissing his petition for writ of mandamus against the prosecuting attorney, or in the alternative, for an order directing the Arkansas State Crime -Laboratory to provide him with records related to his criminal, case. On appeal, we determined that Davis had a legal right to his requested information and further explained: While Arkansas Code Annotated section 12-12-312(a)(l)(A)(ii) states that “information shall be released only under and by the direction of a court of competent jurisdiction, the prosecuting attorney having criminal jurisdiction over the case, or the public defender appointed or assigned to the case,” the statute also states in subsection (a)(l)(B)(i) that nothing in the section is to “diminish the right of a defendant or his or her attorney to full access to all records pertaining to the case.” Thus, the duty of the circuit court, prosecuting attorney, and public defender to grant permission to release information is discretionary as it relates to releasing information to the public; however, the statute is clear that a defendant has a right to access all records pertaining to his case. The language of the statute also mandates that “[t]he laboratory shall disclose to a defendant or his or her attorney all evidence in the defendant’s case that is kept, obtained, or retained by the laboratory.” Ark.Code Ann. § 12 — 12—312(a)(l)(B)(ii) (emphasis added). Davis, 2014 Ark. 313, at 2-3, 437 S.W.3d 694, 695. Thus, we reversed and remanded Davis’s case to the circuit court for an entry of an order pursuant to Arkansas Code Annotated section 12-12-312 directing the Arkansas State Crime Laboratory to release the requested information to Davis. Turning to the present case, the record contains several letters -from Gallagher issued in response to Hill’s FOIA request. In the January 29, 2015 letter, like in Davis, Gallagher denied Hill’s request pursuant to Arkansas Code Annotated section 12-12-312. In the February 4,2015 letter, apparently in response to Hill’s January 31, 2015 letter, Gallagher explained that he did not misconstrue Arkansas Code Annotated section 12-12-312.[1] Additionally, Gallagher enclosed a copy of the Board’s October 13, 2014 declaratory order issued in response to another incarcerated individual’s FOIA request.[2] The declaratory order states in pertinent part as follows: 12. [T]he Board finds that Ark.Code Ann. § 12 — 12—312(a)(l)(A)(ii) governs the “release” of “[t]he records, files, and information” kept, obtained, or retained by the 17State Crime Lab in cases where the cause and manner of a victim’s death are criminal in nature. Pursuant to the ordinary and accepted meaning of the words employed in Ark.'Code Ann. § 12-12 — 312(a)(l)(A)(ii), “[t]he records, files, and information shall be 'released only under and by the direction of a court of competent jurisdiction, the prosecuting attorney having criminal 'jurisdiction over the case, or the public defender appointed or assigned to the case.” (emphasis added). As used therein, the ad-verb “only,” taken in its usual sense, qualifies the verb “released” and excludes any- release of “[t]he records, files and information” of the Arkansas State ■Crime Lab unless it is at “the direction of a court of competent jurisdiction, the prosecuting attorney having criminal jurisdiction over the case, or the public defender appointed or assigned to the case.” The term “shall be,” preceding the phrase, “released only,” indicates the legislature -has mandated the State ■ Crime Lab to. comply .with this restriction (as opposed to the term “may be,” which, would have indicated statutory permission to exercise discretion and choose an alternate course). See Hattison v. State, 324 Ark. 317, 920 S.W.2d 849 (1996); Klinger v. City of Fayetteville, 293 Ark. 128, 732 S.W.2d 869 (1987). 13. Furthermore, the Board finds that Ark.Code Ann.' § 12-12-312(a)(l)(B)(i) does not govern the release of records. It does not reference or offer any standard for the “release” of the records, flies, or information of the State Crime Lab. Its subject .is not the release of records, but access to.records.. The ordinary and accepted meanings of the words employed in Ark.Code Ann. § 12-12-312(a)(l)(B)(i) do not grant or extend any right of access to anyone, instead they merely explain that the statute does “not diminish” whatever right a “defendant or his or her attorney” may have to full access to all records pertaining to his or her case. The Board understands this to mean that the provisions of Ark.Code Ann. § 12-12-312 are not intended to lessen any existing right of access a “defendant” or his or her “attorney” may have under some other provision of the law. By the word “defendant,” the Board understands a person who is defending against a criminal charge in a court of law. The Board does not understand it to apply generally to a person without regard to whether or not they are currently a defendant. The Board understands the word “attorney” as used in [Ark.Code] Ann. § 12-12-312(a)(l)(B)(i), to mean an attorney at law representing a defendant. 14. Additionally, the Board finds that Ark.Code Ann. § 12-12-312(a)(l)(B)(ii) does not reference or offer any standard for the “release” of the records, files, or information of the State Crime Lab. The subject of Ark.Code Ann. § 12-12-312(a) (1) (B) (ii) is not the release of records, but disclosure of the existence of evidence to a defendant or his or her attorney. The word “disclose” is ordinarily understood as denoting á revelation of facts, making something known. The Board finds that the disclosure of the existence of evidence is unambiguously distinct from" releasing evidence. Furthermore, the Board finds that the duty to disclose the existence of | ^evidence under Ark.Code Ann. § 12-12 — 312(a)(l)(B)(ii) runs towards “a defendant or his .or her attorney.” As previously noted, by the'word “defendant,” the Board understands a person who is being sued or accused of a crime in a court of law. The Board does not understand it to apply to a person who is not a defendant. While I recognize that Arkansas Code Annotated section 12 — 12—312(b) allows the Board to promulgate rulés regarding the release of reports and information by the staff of the laboratory, the rules may not be contrary to law. Here, despite our holding in Davis, Gallagher denied Hill’s request. This court’s opinion in Davis was issued on June 26, 2014, and clearly pro-yides an interpretation of the statute at issue. As explained above, we held that the duty of the circuit court, the prosecuting attorney, and the public defender to grant permission to release information is discretionary as it relates to the release of information to the public; however, a defendant has a right to access all records pertaining to his case. Further, pursuant to Dams, “[t]he laboratory shall disclose -to a defendant or his or her attorney all evidence in the defendant’s case that is kept, obtained, or retained by the laboratory.” (Emphasis added.) 'Thus, the Board has violated Arkansas Code Annotated section 12-12-312(b) through the promulgation of rules contrary to law in its October 13, 2014 declaratory order. Despite Gallagher’s and the Board’s evident disagreement with our decision in Davis, I take this opportunity to remind both Gallagher and the Board that it is for this court to decide what a statute means. Wagner v. State, 2010 Ark. 389, 368 S.W.3d 914 (citing Maddox v. City of Fort Smith, 369 Ark. 143, 251 S.W.3d 281 (2007)). Finally, this matter has now twice been before this court concerning Hill’s status as a pauper, even though pursuant to our holding in Davis Hill is clearly entitled to the records pertaining to his case. Hart, J., joins. . In the February 4, 2015 letter to Hill, Gallagher also wrote: I believe it plainly states that the records, files and information kept, obtained or retained by the Arkansas State Crime Laboratory in connection with a crime are privileged and confidential and can only be released at the direction of a court, a prosecutor or a public defender. I do not believe your letter is a court order and I do not have an authorization from a prosecutor to release their records, files or information, you have requested. Furthermore, it is my understanding you are now a convict and no longer a defendant. . The declaratory order is captioned “IN THE MATTER OF RANDALL MCARTY, ADC # 101565.”