SLIP OPINION

Cite as 2017 Ark. 196

# SUPREME COURT OF ARKANSAS

No. CR–16–767

| | |
|---|---|
| JESSIE HILL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** JUNE 1, 2017<br><br>PRO SE MOTION FOR EXTENSION OF TIME [GRANT COUNTY CIRCUIT COURT, NO. 27CR-95-38]<br><br>HONORABLE CHRIS E WILLIAMS, CIRCUIT JUDGE<br><br><u>APPEAL MOOT IN PART AND REVERSED IN PART; MOTION MOOT</u>. |

**KAREN R. BAKER, Associate Justice**

In 2016, appellant Jessie Hill filed a petition in the trial court where he had been convicted of capital murder in 1995. In the 2016 petition, Hill sought to compel the prosecuting attorney to direct the Arkansas State Crime Laboratory to turn over information from his case. On May 12, 2016, the trial court entered an order that denied the petition and counted the denial as a strike under Arkansas Code Annotated section 16-68-607 (Repl. 2005). On May 24, 2016, Hill filed a motion to stay and for reconsideration in which he pointed to a case that this court had handed down shortly before the court made its findings as a basis for the trial court to reconsider its decision. The trial court denied the motion for reconsideration, also finding the new pleading merited a strike, and Hill lodged an appeal of that order in this court.

Hill filed a motion for an extension of time in which to file his reply brief. Because, as discussed below, the resolution of the issues that Hill had raised in his brief-in-chief are apparent based on the record before us, we hold the appeal moot in part and reverse in part. The motion for extension of time is therefore moot.

In his motion for reconsideration, Hill asserted error in both the denial of the relief that he requested in his original petition and the trial court's finding that filing the petition constituted a strike under the statute. He reiterates those claims on appeal, and he additionally contends that, under the same reasoning that he advanced in the petition for reconsideration, the second strike was also invalid. As he notes in his brief, this court has previously directed the crime lab to provide the materials that he sought. *See Hill v. Gallagher*, 2016 Ark. 257 (per curiam). Because Hill has received the relief he requested in his original pleading, the appeal is moot as to those issues, and we need not consider Hill's arguments concerning the trial court's error in that regard.

As for Hill's allegation that the trial court erred in finding two strikes under section 16-68-607, he asserts that the court incorrectly applied the statute to proceedings in a criminal case. We agree that section 16-68-607 does not apply in criminal proceedings.[1]

The trial court rejected Hill's claim concerning application of the statute in criminal proceedings without addressing it. The court simply declined to reconsider its decision without elaboration, and it found in support of its conclusion that an additional strike was warranted because the new pleading seeking reconsideration was frivolous. The State asserts

---

[1] We note that the legislature has recently amended the statute, but that amendment was not in effect at the time Hill filed his petition or the court imposed the strike.

SLIP OPINION

SLIP OPINION

that the trial court could impose two strikes because, although Hill's pleadings were filed in his criminal case, the matter was civil in nature and therefore should fall within the purview of the statute.

We review a court's determination to impose a strike under the same standard we use in reviewing the trial court's decision on a motion to dismiss, treating the facts alleged in the pleading as true and viewing them in a light most favorable to the party who filed the complaint. *Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757. However, we review issues involving statutory interpretation de novo on appeal. *State v. Thomas*, 2014 Ark. 362, 439 S.W.3d 690. It is for this court to determine what a statute means. *Foster v. Foster*, 2016 Ark. 456, 506 S.W.3d 808.

We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Hill v. Gallagher*, 2016 Ark. 198, 491 S.W.3d 458. In construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id.*

In examining section 16-68-607 specifically, we have noted that the statute should be interpreted as a part of a code of practice in civil cases in this state and that this code was intended to regulate the procedure in all civil actions and proceedings in the courts of this state. *Id.* Placed in context, section 16-68-607 plainly and unambiguously was intended to apply only to civil proceedings.

3

It is true that this court has considered the nature of the proceedings when determining the extent that due process requires that a litigant be entitled to the full range of constitutional procedural protection that must be provide to a criminal defendant. *See Stehle v. Zimmerebner*, 2016 Ark. 290, 497 S.W.3d 188 (holding an order of contempt was civil in nature); *Waller*, 2016 Ark. 252, 493 S.W.3d 757 (holding that a petition for declaratory judgment and writ of mandamus was civil in nature); *State v. Bragg*, 2016 Ark. 242 (noting that collateral proceedings such as those under Arkansas Rule of Criminal Procedure 37 are civil in nature); *State v. West*, 2014 Ark. 174 (discussing when the State may bring an appeal in a civil-forfeiture proceeding). The issue before us simply concerns the legislature's intended application of the statute, and it is not necessary for us to consider whether that application withstands a constitutional challenge. The legislature's clear and definite meaning was that the statute was only to be applied in what are, in fact, civil actions. The State fails to point to any basis from which this court might glean that the legislature intended for the statute to apply beyond that,[2] and we do not construe it to include a broader application than what was intended.

Section 16–68–607 does not confer authority on the trial court to impose a strike in a criminal case, and the trial court erred in imposing the two strikes. To the extent that it did so, the orders doing so were void.

---

[2] The case that the State cites as analogous, *Arkansas Public Defender Commission v. Greene County Circuit Court*, 343 Ark. 49, 32 S.W.3d 470 (2000), dealt with an issue of what may constitute a "civil matter" for purposes of the waiver of sovereign immunity. That decision on what is clearly more broadly encompassing language does not offer guidance on the appropriate construction of the common meaning of "civil actions and proceedings."

Appeal moot in part and reversed in part; motion moot.

*Jessie E. Hill*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.